## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, | Case No. 8:10—CV—220 |
| Plaintiff, | |
| v. | |
| ADOBE SYSTEMS INCORPORATED; AUTODESK, INC.; MCAFEE, INC.; NATIONAL INSTRUMENTS CORPORATION; NUANCE COMMUNICATIONS, INC.; QUARK, INC.; THE SAGE GROUP PLC; SAGE SOFTWARE, INC.; SYMANTEC CORPORATION; THE MATHWORKS, INC.; and TREND MICRO INCORPORATED, | **COMPLAINT** |
| Defendants. | **JURY TRIAL REQUESTED IN OMAHA** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Prism Technologies LLC, for its Complaint against Defendants Adobe Systems Incorporated; Autodesk, Inc.; McAfee, Inc.; National Instruments Corporation; Nuance Communications, Inc.; Quark, Inc.; The Sage Group plc (a United Kingdom limited public company); Sage Software, Inc.; Symantec Corporation; The Mathworks, Inc.; and Trend Micro Incorporated, upon knowledge as to its own acts, and upon information and belief as to all other matters, hereby alleges as follows:

///

///

///

## THE PARTIES

1.     Plaintiff Prism Technologies LLC ("Prism") is a limited liability company organized and existing under the laws of the State of Nebraska, with its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

2.     Defendant Adobe Systems Incorporated ("Adobe") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 345 Park Avenue, San Jose, California 95110.  Adobe has appointed Karen Cottle, 345 Park Avenue, San Jose, California 95110, as its agent for service of process.  Adobe does substantial business in this judicial district.

3.     Defendant Autodesk, Inc. ("Autodesk") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 111 McInnis Parkway, San Rafael, California 94903.  Autodesk has appointed National Registered Agents, Inc., 2875 Michelle Dr., Suite 100, Irvine, California 92606, as its agent for service of process. Autodesk does substantial business in this judicial district.

4.     Defendant McAfee, Inc. ("McAfee") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3965 Freedom Circle, Santa Clara, California 95054.  McAfee has appointed C T Corporation System, 818 West Seventh Street, Los Angeles, California 90017, as its agent for service of process.  McAfee is authorized to do business in Nebraska, and does substantial business in this judicial district.

5.     Defendant National Instruments Corporation ("National Instruments") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 11500 N. Mopac Expressway, Bldg. A, Austin, Texas 78759.  National Instruments has appointed James J. Truchard, 11500 Mopac Expressway, Bldg. B, Austin, Texas

78759, as its agent for service of process.  National Instruments is authorized to do business in Nebraska, and does substantial business in this judicial district.

6.      Defendant Nuance Communications, Inc. ("Nuance") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.  Nuance has appointed Corporation Service Company, 84 State Street, Boston, Massachusetts 02109, as its agent for service of process. Nuance does substantial business in this judicial district.

7.      Defendant Quark, Inc. ("Quark") is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 1800 Grant Street, Denver, Colorado 80203.  Quark has appointed Peter James Jensen, 1800 Grant Street, Denver, Colorado 80203, as its agent for service of process.  Quark does substantial business in this judicial district.

8.      Defendant The Sage Group plc ("Sage UK") is a public limited company organized and existing under the laws of the United Kingdom, with its principal place of business at North Park, Newcastle Upon Tyne, NE13 9AA, United Kingdom.  Pursuant to the Federal Rules of Civil Procedure, service upon Sage UK is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Sage UK does substantial business in this judicial district.

9.      Defendant Sage Software, Inc. ("Sage North America") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 56 Technology Drive, Irvine, California 92618.  Sage North America is a wholly-owned subsidiary of Sage UK.  Sage North America has appointed Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833, as its agent for service of process.  Sage

North America is authorized to do business in Nebraska, and does substantial business in this judicial district.

10.     Defendant Symantec Corporation ("Symantec") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 350 Ellis Street, Mountain View, California 94043.   Symantec has appointed Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833, as its agent for service of process.  Symantec does substantial business in this judicial district.

11.     Defendant The Mathworks, Inc. ("Mathworks") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3 Apple Hill Drive, Natick, Massachusetts 01760.  Mathworks has appointed Thomas Spera, 3 Apple Hill Drive, Natick, Massachusetts 01760, as its agent for service of process.   Mathworks does substantial business in this judicial district.

12.     Defendant Trend Micro Incorporated ("Trend Micro") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 10101 N. De Anza Blvd., Cupertino, California 95014.  Trend Micro has appointed Jorge S. Young, 10101 N. De Anza Blvd., Cupertino, California 95014, as its agent for service of process. Trend Micro does substantial business in this judicial district.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has specific and general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and have established minimum contacts within Nebraska and within this judicial district such that the

exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because each Defendant has conducted business in this district and/or provided service and support to each Defendant's respective customers within this district, and has committed acts of patent infringement within this District giving rise to this action.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 7,290,288

16.     Prism re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17.     On October 30, 2007, United States Letters Patent No. 7,290,288 ("the '288 patent") entitled METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '288 patent is attached hereto as Exhibit A, and is incorporated herein by reference.  A true a correct copy of a Certificate of Correction issued by the United States Patent and Trademark Office on September 8, 2009, in connection with the '288 patent is attached hereto as Exhibit B.

18.     Prism is the owner and assignee of all right, title and interest in and to the '288 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

19.     Defendant Adobe has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by

making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Adobe software products (including, without limitation, Acrobat products).

20.   Defendant Autodesk has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Autodesk software products (including, without limitation, AutoCAD products).

21.   Defendant McAfee has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various McAfee software products (including, without limitation, AntiVirus Plus products).

22.   Defendant National Instruments has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various National Instruments software products (including, without limitation, LabVIEW products).

23.   Defendant Nuance has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Nuance software products (including, without limitation, Dragon products).

24.     Defendant Quark has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Quark software products (including, without limitation, QuarkXpress products).

25.     Defendant Sage UK has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Sage UK software products (including, without limitation, ACT! products).

26.     Defendant Sage North America has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Sage North America software products (including, without limitation, ACT! products).

27.     Defendant Symantec has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Symantec software products (including, without limitation, Norton AntiVirus products).

28.     Defendant Mathworks has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling

access to protected computer resources associated with various Mathworks software products (including, without limitation, MATLAB products).

29.     Defendant Trend Micro has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various Trend Micro U.S. software products (including, without limitation, Internet Security products).

30.     Prism has been injured by each Defendant's infringing activities, and is entitled to recover money damages from each Defendant adequate to compensate it for such Defendant's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court, and Prism will continue to suffer damages in the future unless each Defendants' infringing activities are enjoined by this Court.

31.     Unless a permanent injunction is issued enjoining each Defendant and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '288 patent, Prism will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, Prism respectfully requests judgment in its favor and against Defendants, and each of them, as follows:

a.     A judgment in favor of Prism that each Defendant has infringed the '288 patent;

b.     A permanent injunction against each Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert

COMPLAINT FOR PATENT INFRINGEMENT

therewith from infringing, inducing the infringement of, or contributing to the infringement of the '288 patent;

c.    A judgment and order requiring each Defendant to pay Prism its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '288 patent as provided under 35 U.S.C. § 284;

d.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Prism its reasonable attorneys' fees; and

e.    Such other relief in law and equity as this Court may deem just and proper.

///

///

///

///

///

///

///

///

///

///

///

///

///

## DEMAND FOR A JURY TRIAL

Prism demands a trial by jury in Omaha of all issues triable by a jury.

Dated: June 8, 2010                    PRISM TECHNOLOGIES, LLC,

                    By:    *s/ Daniel J. Fischer*
                    _____

                    Michael C. Cox, #17588
                    Daniel J. Fischer, #22272
                    Koley Jessen P.C., L.L.O.
                    1125 S. 103rd St., Suite 800
                    Omaha, NE  68124
                    Tel:   (402) 390-9500
                    Fax:   (402) 390-9005
                    Mike.Cox@koleyjessen.com
                    Dan.Fischer@koleyjessen.com

                           and

                    Christopher D. Banys, #230038 (California)
                    Daniel M. Shafer, #244839 (California)
                    James Tario, #257783 (California)
                    The Lanier Law Firm, P.C.
                    2200 Geng Road, Suite 200
                    Palo Alto, CA  94303
                    Tel:   (650) 332-9100
                    Fax:   (650) 322-9103
                    cdb@lanierlawfirm.com
                    dms@lanierlawfirm.com
                    jdt@lanierlawfirm.com

                    *ATTORNEYS FOR PLAINTIFF*
                    *PRISM TECHNOLOGIES, LLC*