IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES, LLC<br><br>          Plaintiff,<br><br><br>     v.<br><br>ADOBE SYSTEMS INCORPORATED;<br>AUTODESK, INC; MCAFEE, INC.;<br>NATIONAL INSTRUMENTS CORPORATION;<br>NUANCE COMMUNICATIONS, INC.;<br>QUARK, INC.; SAGE SOFTWARE INC.;<br>SYMANTEC CORPORATION; THE<br>MATHWORKS, INC.; and TREND MICRO<br>INCORPORATED,<br><br>          Defendants. | Civil Action No. 8:10-cv-00220-LES-TDT |

## DEFENDANTS' PROPOSED PROTECTIVE ORDER

Certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially-sensitive information.  In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

### Scope and Definitions

1.      This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Materials").

2.      Protected Material may be designated by any Producing Party as:

(a) "CONFIDENTIAL" if it contains sensitive confidential and non-public technical or business information, the disclosure of which may unfairly cause harm to the Producing Party or provide improper advantage to others, but which is not otherwise suitable for designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Examples of the types of information that may be designated "CONFIDENTIAL" include general sales, customer, vendor or licensing information; and general historical technical, scientific, financial, marketing or research and development information that is no longer competitively sensitive.

(b) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains confidential information which is particularly sensitive, in any of the following categories:

(i)      Proprietary technical, scientific, financial, marketing, research and development, customer, trade secret or strategic business information, the disclosure of which could cause competitive harm to the Producing Party;

(ii)      Confidential information of a non-party that the producing party or non-party is bound by a separate confidentiality agreement or court order to maintain in confidence;

(iii)      Information that is subject to the privacy interest of any individual.

Other categories of confidential information may exist. The parties agree to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on a good-faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit. Such designations shall be narrowly tailored to include only material for which the designation is warranted by good cause.

(c) "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" if it is or reflects computer source code.

3.      As used herein, "Producing Party" shall refer to any party to this action, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies, produces or makes available for inspection any Protected Material.

4.      "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

## Permitted Disclosure and Use of Protected Material

5.      Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

6.      Protected Material shall be used solely for this litigation and any related appeals, including for the purposes of seeking indemnification, and shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, including patent reexamination or reissue, or any business or competitive purpose or function of any kind.

## Persons Who May Access Protected Material

7.      ***"Confidential" Material.***   Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

(a)      Persons authorized to receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material as specified in paragraphs 8(a)-(g) below; and

(b)      Up to four (4) corporate representatives of the Receiving Party who have complied with Paragraph 12; except that defendants' corporate representatives under this paragraph shall not have access to co-defendants' "CONFIDENTIAL" material, including any materials filed under seal pursuant to Paragraph 21 below.

8.      ***"Highly Confidential – Attorneys' Eyes Only" Material.***   Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party or further court order:

(a)      Outside counsel of record for the parties to this action, and outside counsel for any entity providing indemnification to any party to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation;

(b)      Up to four (4) in-house counsel of the parties to this action (or its parent corporation) who are responsible for this action and have complied with Paragraph 12, and any paralegals or clerical employees assisting them in the litigation; except that defendants' in-house counsel under this paragraph shall not have access to any co-defendants' "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, including any materials filed under seal pursuant to Paragraph 21 below;

(c)      Outside experts, consultants, and indemnitors of the Receiving Party who have been pre-approved in accordance with Paragraph 13, and their support staff and clerical employees assisting in the litigation; except that any indemnitor, outside expert or consultant retained by a defendant shall not have access to any co-defendants' "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" material without prior written consent of the Producing Party;

(d)      The Court, its technical advisor (if one is appointed), any mediator designated or used in this action, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(e)      Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A,

and mock jurors hired by trial consultants but only in accordance with Paragraph 14 below; and

(f)      While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the Protected Material except while so testifying.

### Additional Restrictions Concerning Access to Source Code

9.      ***"Highly Confidential Source Code – Outside Counsel Only" Materials.***  To the extent a Producing Party's source code is relevant and discoverable in this action, it may be designated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" and, unless the Producing Party agrees otherwise, shall be subject to the following additional restrictions and protections:

(a)      At the Producing Party's option, source code in electronic format shall be produced by one of the following means:

(i) for inspection at the offices of the Producing Party's outside counsel of record in this action;

(ii) on a computer accessible via a secured network;

(iii) by production directly to the Receiving Party's outside counsel of record in a form that is reasonably accessible to the Receiving Party; or

(iv) for inspection in a secure room at the escrow facility on a secured computer without Internet access or network access to other computers, which is necessary

and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection.

(b)     Regardless of the means of production of source code as specified in section 9(a), no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated source code, except as follows:

(i)     The Receiving Party may request a reasonable number of pages of source code to be printed.  Within three (3) business days or such additional time as necessary due to volume requested, the Producing Party shall either provide the requested material marked with Bates-numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" or via a protected electronic image (at the Producing Party's option).  If a party elects to produce source code pursuant to paragraph 9(a)(ii), the Receiving Party may print portions of source code (as limited by the following paragraph, to Adobe PDF files, which shall be saved on the computer accessible via the secured network. The Producing Party may review such Adobe PDF files in order to ensure the Receiving Party is complying with following paragraph.  The Receiving Party may request a reasonable number of pages of source code to be printed (as opposed to viewing the Adobe PDF printouts stored on the computer accessible via a secured network).  The Producing Party shall provide, within five (5) business days or such additional time as necessary due to volume requested, the requested material marked with Bates-numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" or via a protected electronic image (at the Producing Party's option).

(ii)     Printed sections/electronic images of source code exceeding 15 continuous pages of code and 500 pages cumulatively shall be presumed excessive, although

the Producing Party may grant permission to exceed these limits if the Receiving Party shows a reasonable need for such volume of printouts.  If the Producing Party objects to production of only some of the requested material, the Producing Party shall provide the remainder of the requested material marked with Bates-numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY."  Upon objection, the parties shall have an additional period of five (5) business days in which to meet and confer in a good faith attempt to resolve the objection, which conference may occur telephonically, and which period shall be extended if reasonably necessary to permit the conference to occur.  If an objection is made, and the objection is not resolved, the Receiving Party shall have five (5) business days after the expiration of the meet and confer period in which to file a motion to compel production of the requested material that are the subject of the objection.

(c)     For source code produced by inspection, as specified in sections 9(a)(i) and/or 9(a)(iv), source code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area.  Use of any input/output device (e.g., USB memory stick, CD, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the source code.  Absent the express written permission of Producing Party, the Receiving Party shall not be permitted to output or record any source code information onto any portable, non-portable, or network media, by any means even if such means exist on the computer (including, but not limited to, floppy drive, CD-R/RW drive, Ethernet, Internet, e-mail access or USB).  The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party.

(d)     To the extent that a Producing Party produces source code directly to a Receiving Party, as specified in section 9(a)(iii), the following shall apply:

Protective Order                                                                                     Page 7

(i)      Each copy of the source code, respectively, may be loaded onto a single, non-networked computer;

(ii)     Any external media (e.g., hard drives, DVDs) containing source code must be kept in a locked safe or storage cabinet when not connected to or inserted in the non-networked computer for viewing.   The external media must be disconnected from and/or removed from the non-networked computer and stored in such locked safe or cabinet when it is not actually being used to view the source code contained therein;

(iii)    The non-networked computer and the safe or storage cabinet must be kept in a locked and secure room;

(iv)    The non-networked computer and/or external media used to store the source code shall be password protected; and

(v)     No electronic copies, other than volatile copies necessarily made in the course of loading, shall be made of the source code.

(e)     Any portions of the source code that are printed or copied shall be printed onto paper conspicuously marked "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" on each page, and shall be subject to the following minimum safeguards

(i)      Any "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" material printed or photocopied by outside counsel of record for the Receiving Party in accordance with this section shall be identified in a source code print log that lists the printed or photocopied source code excerpts, and is maintained by the outside counsel of record for the Receiving Party.  The identity of the person printing or copying the source code excerpt, number of pages printed, and information identifying the source code excerpt (*e.g.*, Bates number) shall be entered into the source code print log.

Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.

(f)     At the end of the case, any entity receiving source code will certify that: (i) all external media, print-outs, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (ii) the hard drives of the non-networked computer and any other storage or memory media which may contain source code have been reformatted and destroyed; (iii) the print logs have been archived along with counsel's other records from this litigation.  Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

10.     Only the following individuals shall have access to "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" materials, absent the express written consent of the Producing Party or further court order:

(a)     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms, except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to such materials;

(b)     Up to two (2) outside experts or consultants pre-approved in accordance with Paragraph 13 and specifically identified as eligible to access source code, and such outside experts' or consultants' support staff and clerical employees assisting in this

litigation; except that any outside expert or consultant retained by a defendant shall not have access to any co-defendants' "HIGHLY-CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material without prior written consent of the Producing Party;

(c)     The Court, its technical advisor (if one is appointed), the jury, any mediator designated or used in this action, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

(d)     While testifying at deposition or trial in this action: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view source code pursuant to this sub-paragraph (d) shall not retain or be given copies of the source code except while so testifying.

## **Access to Derivative Materials**

11.     Documents created by representatives of any party in this litigation (including outside and in-house counsel, experts, consultants, staff, Professional Vendors, and the like) that contain information or data derived from Protected Material (including any papers filed with the Court, court orders, testimony, and/or deposition transcripts) may be made available only to persons authorized to access such materials pursuant to Paragraphs 7, 8, and 10 unless the Protected Material has been redacted from such documents.

## **Required Approval for Access to Protected Material**

12.     ***In-House Counsel, Party Representatives and Professional Vendors.***  Any in-house counsel, corporate representative or Professional Vendor authorized to access

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials pursuant to Paragraphs 7 or 8 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action.

13.     ***Outside Experts or Consultants.***

(a)     Prior to disclosing Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide to any party to this action that produced Protected Material written notice that includes:

(i) the name and business address of the person;

(ii) the present employer and title of the person;

(iii) an up-to-date curriculum vitae (including a listing of employers for the preceding four (4) years and a listing of cases in which the proposed consultant or expert has offered deposition or trial testimony in the preceding four (4) years);

(iv) a list of current and past consulting relationships undertaken within the preceding four (4) years;

(v) an indication whether the person will be eligible to access "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL ONLY" materials; and

(vi) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.

(b)     Within five (5) business days of receiving this information, the party who produced Protected Material may object in writing to its disclosure to the proposed expert or consultant for good cause.  In the absence of any objection at the end of the five (5) day period, the expert or consultant shall be deemed approved under this Protective Order.  If an objection is made, the parties shall meet and confer within five (5) business days after the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer

to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.

(c)     Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, consultant or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, consultant, or employee of a party or a competitor of a party.

(d)     Experts or consultants authorized to receive Protected Material under this section shall not be involved in competitive decision-making, as defined in U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party.

14.     ***Mock Jurors.***  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

## Making and Challenging Designations

15.     Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that that the party believes in good faith meets the appropriate standards.

16.     Designations of Protected Material shall be made in substantially the following manner:

(a)     *For documents or written discovery.*  The Producing Party may designate documents or written discovery responses by affixing the appropriate legend – "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" – on each page that contains Protected Material.  Documents made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b)      *For depositions or other testimony.*    Parties or third-parties providing testimony may designate transcripts of depositions, hearings or other proceedings, or portions thereof, and exhibits thereto, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within twenty (20) business days after receiving the transcript, during which twenty (20) day period the deposition transcript and any exhibits thereto shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The party making the designation shall make arrangements with the court reporter to label the relevant pages and exhibits with the appropriate designation.   Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(c)      *For tangible things and other information.*  A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored.  If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media.   A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

17.      Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order.  The

Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above.  The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice.  Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with the proper designation.

18.     At any time in these proceedings following the production of material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY," a Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice identifying the documents or material that the Receiving Party contends should be differently designated, and setting forth the reasons it believes the designation is inappropriate. Thereafter, the Receiving Party may file a motion to modify or cancel the designation with regard to any Protected Material in dispute, during which time the parties shall meet and confer in an attempt to resolve promptly and informally any such disputes.  The Producing Party shall have the burden of establishing that it is entitled to confidential treatment.  All Protected Material is entitled to confidential treatment pursuant to the terms of this Order in accordance with the given designation until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any Protected Material is entitled to confidential treatment.

19.     Information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the

Receiving Party; (b) was independently obtained by the Receiving Party from a non-party having no obligation of confidentiality and the right to make such disclosure; or (c) was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

## **Inadvertent Production of Privileged Documents**

20.     The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver.   Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents.  The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.

## **Filing Under Seal**

21.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL ONLY," or which contain information so designated, shall be filed under seal, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL ONLY" as appropriate, and a statement in substantially the following form, or such other form as ordered by the Court or required by the Clerk of the Court:

> **This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court.  It should not be**

**opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.**

22.     Where Protected Material is used at trial, it is the burden of the Producing Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Material remains confidential; however, where Protected Material is to be used at trial by a party other than the Producing Party, the Producing Party must be notified at least ten (10) days before trial, so that the Producing Party is able to make arrangements with the Court to ensure that its Protected Material remains confidential.

<u>**Restriction on Patent Prosecution**</u>

23.     Any natural person (including without limitation outside counsel and consultants) who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" materials of any Producing Party shall not, for the duration of this litigation and a period of one (1) year following final resolution of this action (including any appeals), draft, supervise or assist in drafting, amending or prosecuting any patent claims or patent specifications which are directed to technology disclosed in any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" information actually received.  This provision, however, does not limit or restrict Plaintiff's obligation to notify the USPTO of the existence of this patent litigation, prior art cited in this litigation, or any invalidity contention made by any Defendant that would give rise to a duty to disclose information to the USPTO.  For purpose of meeting its disclosure obligations to the PTO, Plaintiff may disclose to the PTO any such information that has been designated by any Defendant pursuant to this protective order after 30 days notice to Defendants, provided Defendants do not object to the disclosure within that time.  Should Defendants object to the disclosure, the parties shall meet and confer within 10 days of the objection.  If the parties can not resolve the dispute, Defendants shall have 15 days from the meet and confer date to file a

motion for a protective order with the court, in which case Plaintiff will not disclose the disputed information to the PTO unless and until such motion is denied.

## Agreement Regarding Expert Discovery

24.     Document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying exert in forming his or her opinion(s).  Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery unless such material is relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.

## Agreement Regarding Privilege Logs

25.     The obligation to create and provide privilege logs pursuant to FRCP 26(b)(5) shall not extend to attorney-client privileged communications with outside litigation counsel created after the filing of this litigation.  Additionally, Plaintiff shall not be required to log attorney-client privileged communications with outside litigation counsel that are directly related to and created while the following litigations were pending: Prism Technologies LLC v. Research in Motion, Ltd., et al., United States District Court for the District of Nebraska, Civil Action No. 8:08-CV-537; ITC Investigation No. 337-TA-697; Prism Technologies LLC v. Verisign, Inc., et al., United States District Court for the District of Delaware, Civil Action No. 05-214-JJF.  For avoidance of doubt, this paragraph does not excuse Plaintiff from logging any privileged communications related to the current action before the current lawsuit was filed.

## Use Of This Protective Order by Third-Parties

26.     A third-party, not a party to this action, who produces documents, testimony or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.  A third party may, at its

option, designate source code material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" and then produce in accordance with the procedure in place for that particular category; or may, at its option, produce "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" material directly to a Receiving Party without the additional restrictions of Paragraph 9.

27.    A third-party's use of this Protective Order does not entitle that third party to access to any Protected Material produced by any party in this case.

## Additional Protection

28.    This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate.  Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

## No Waiver

29.    Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

## No Limitations on Party's Own Protected Materials

30.    Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials.  For avoidance of doubt, this provision is not intended to permit a party to introduce its undisclosed Protected Materials as evidence in this litigation.

## Subpoena of Protected Material

31.    If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall assert this Protective Order in the first

instance and promptly give written notice thereof to the Producing Party (or their counsel of record in this case), who shall have the burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the subpoena.  The Receiving Party shall not produce any Protected Material without either an order of a court of competent jurisdiction or the express written consent of the Producing Party.

**Unauthorized Access**

32.     Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

**Disposition of Protected Materials**

33.     Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action (whichever is earlier for a particular party), each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material, and all printed or duplicated source code material and all notes or other materials derived therefrom, as described in paragraph 9(b).  Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials.  The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Protective Order.

**Survival of Order**

34.     The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

**Binding Effect**

35.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**So ORDERED and SIGNED this \_\_\_\_ day of _____, 2010.**

_____

_____
**LYLE E. STROM**
**UNITED STATES DISTRICT JUDGE**

**[ADD SIGNATURE PAGE FOR ALL PARTIES.]EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES, LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE SYSTEMS INCORPORATED;<br>AUTODESK, INC; MCAFEE, INC.;<br>NATIONAL INSTRUMENTS CORPORATION;<br>NUANCE COMMUNICATIONS, INC.;<br>QUARK, INC.; SAGE SOFTWARE INC.;<br>SYMANTEC CORPORATION; THE<br>MATHWORKS, INC.; and TREND MICRO<br>INCORPORATED,<br><br>　　　　　Defendants. | Civil Action No. 8:10-cv-00220-LES-TDT |

**ACKOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been

provided a copy and read the Stipulated Protective Order in the above-captioned case and agree

to be bound by its terms.  I understand that I will be receiving non-public, confidential materials

and information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I

will not use or disclose any such Protected Material except in strict compliance with the

provision of this Order, and will take all reasonable precautions to prevent any unauthorized use

or disclosure of any material in my possession or control.  At the final conclusion of the case, I

will return or destroy, as directed, any Protected Materials received and any notes or other

documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.


Dated: _____          _____

                                       Printed Name:  _____

                                       Company Name/Address/Phone:

                                       _____

                                       _____

                                       _____

                                       _____

US 621006v.1