UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>       v.<br><br>ADOBE SYSTEMS INCORPORATED;<br>AUTODESK, INC; MCAFEE, INC.;<br>NATIONAL INSTRUMENTS CORPORATION;<br>SAGE SOFTWARE INC.; SYMANTEC<br>CORPORATION; THE MATHWORKS, INC.;<br>and TREND MICRO INCORPORATED,<br><br>        Defendants. | Civil Action No. 8:10-cv-00220-LES-TDT<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Pursuant to Nebraska Civil Rule 7.0.1(b), Defendants Adobe Systems Incorporated, Autodesk, Inc., McAfee, Inc., National Instruments Corporation, Sage Software Inc., Symantec Corporation, The Mathworks, Inc. and Trend Micro Incorporated (collectively "Defendants") hereby submit this Brief in Opposition to Prism's Motion for Entry of Protective Order. (Docket No. 277.) Defendants would respectfully show as follows:

**I. SUMMARY OF ARGUMENT**

Defendants oppose Prism's motion for a protective order and have submitted to the Court a motion and supporting brief for entry of their own proposed protective order.[1] (Docket Nos. 285, 286.) At issue in the parties' respective motions are provisions relating to (1) the manner of

---

[1] Defendants recognize that there is overlap of the issues presented in Plaintiff's Motion for Protective Order Governing the Disclosure and Use of Discovery Materials, and brief in support of same (Docket Nos. 277, 278) (the latter of which is hereinafter referred to as "Prism's Motion") and Defendants' Motion for Entry of Defendants' Proposed Protective Order and brief in support of same (Docket Nos. 285, 286) (the latter of which is hereinafter referred to as Defendants' Motion). Defendants incorporate by reference herein their arguments supporting their own Motion, but address herein those issues and arguments present in Prism's Motion.

1

production of source code, (2) limits on the printing of source code, and (3) the logging of privileged documents that relate to this litigation.

Defendants have vital concerns about the confidentiality of their products' source code. Prism has no such concerns because it does not develop or sell software, and Prism is therefore pushing to have Defendants provide electronic copies of their highly sensitive source code directly to Prism's counsel. Defendants oppose Prism's unprecedented and one-sided position, as this method of production of source code does nothing to address the unique concerns relating to disclosure of source code and is out of line with local rules and court orders providing for inspection of source code.

Prism also requests an unbounded procedure with respect to the printing of source code – it wants to be able to freely print source code without any limit and without disclosing to a Defendant what portions of that Defendant's source code Prism is printing. Taken together, these two proposals would effectively eviscerate the protections of production by inspection, drastically increase the risk of inadvertent disclosure, eliminate Defendants' ability to monitor their source code, and abolish any safeguards for Defendants to challenge Prism's handling of the source code or to track the specific code that has been printed.

Lastly, with respect to the logging of privileged documents that relate to this litigation, Prism now proposes that all lawsuit-related communications be logged, although it earlier had agreed that post-suit communications would not be logged. Defendants oppose Prism's position, as it completely ignores the indisputable impracticality and cost of logging all communications between the parties and their counsel during the pendency of the case as well as the very limited benefits, if any, of logging post-suit communications.

Prism's proposals are unreasonable, are inadequate to protect the highly sensitive nature of Defendants' source code, and are designed to impose excessive costs on Defendants. Accordingly, this Court should reject Prism's proposals.

## II. ARGUMENT

### A. Prism's Proposed Treatment of Source Code Unjustifiably Weakens Commonly Accepted Protections of Source Code.

#### 1. Prism's Proposed Manner of Production Weakens the Protections for Defendants' Source Code.

As explained in Defendants' Motion, source code is often the most valuable and most sensitive information possessed by companies, like Defendants, that develop software. Substantial investment of time, money, and resources is required to develop source code. Likewise, substantial investment of time, money, and resources are expended to make sure that the source code remains secret. The protection of source code is vitally important to companies like Defendants because the value of source code depends, at least in part, on it not being generally known. If source code is misappropriated or inadvertently disclosed in today's web-based society, it can effectively wipe out the creating companies' substantial investment. This would result in a truly irreparable injury.

Given the importance and sensitivity of source code, a number of district courts have endorsed a strict set of guidelines for the production of source code. *See, e.g.*, Model Protective Order, The Northern District of California ("(c) Any source code produced in discovery shall be made available for inspection . . . at an office of the Producing Party's counsel or another mutually agreed upon location."); Judge Everingham's Model Protective Order, Eastern District of Texas ("Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel…");

Judge Robinson's Default Standard For Access To Source Code, District of Delaware (mandating source code review at escrow facility). (Docket No. 287-1, Exs. B-D.) Indeed, this type of procedure was previously agreed to by counsel for Prism in the *InNova* case, pending before the Eastern District of Texas and cited by Prism in support of its motion. *See InNova Patent Licensing LLC v. 3Com Corporation*, Case No. 2:10-cv-251, Docket No. 373 (E.D. Tex. Mar. 17, 2011) (noting that the parties have agreed that review would take place at a third party escrow facility) (Ex. A to Defendants' Index of Evidence in Opposition to Plaintiff's Motion for Entry of Protective Order, which will be filed contemporaneously with this opposition).

Defendants' proposal for the review of source code, which is typical in patent cases and in accord with these authorities, is designed to ensure protection of Defendants' valuable and sensitive intellectual property. *See* Defendants' Motion (Docket No. 286) at 9-11. In contrast, Prism, which superficially concedes the importance of protecting source code, makes a single proposal for the review of source code – and that proposal utterly fails to take into account any of these concerns. Prism proposes that electronic copies of Defendants' source code be directly produced to Prism's outside counsel. Prism provides no case law in support for this striking departure from observed practice. Nor have Defendants been able to find any case law supporting Prism's proposal.

Indeed, Prism does not provide any persuasive reason for its proposed treatment of Defendants' source code, making only the flimsy and blanket assertion that Prism is trustworthy and the risk of disclosure of the source code is slight.[2] In making this argument, Prism

---

[2] Prism contends that it would be "cynical" to imply that only Defendants' counsel can be "trusted" with the source code from their clients. (Prism's Motion at 6.) Prism's facile argument has no weight, in part because Defendants' counsel have fiduciary responsibilities to, and ability to communicate directly with, their clients. This relationship allows for direct monitoring and control of access to the source code. More broadly, however, protective orders exist as a series

completely fails to recognize the seriousness of the risk of disclosure of source code. Perhaps Prism does not clearly understand the real potential for truly irreparable damage, since Prism does not engage in any software development or sales. But as shown above, courts do recognize this reality and have generally provided for production of source code by inspection or on a networked computer, rather than requiring that electronic copies be handed over.

Simply put, in order to adequately protect their vital trade secrets, Defendants must have the option for additional, more secure methods of production, such as by inspection at their own outside counsel's office or an escrow facility, or via remote access. These methods reduce the high risk for inadvertent disclosure, and subsequently reduce the high risk for irreparable harm that is necessarily associated with electronic copies of source code. Because Prism's approach provides for no ability to monitor or ensure the security of Defendants' source code, Defendants ask the Court to deny Prism's proposal.

### 2. Prism's Unlimited Procedure for Printing of Source Code Weakens the Protections of Defendants' Source Code.

Prism's proposal regarding the printing of source code includes an unbounded procedure in which it would be permitted to directly print a Defendant's source code without disclosing to that Defendant what portions of the source code it is printing, and without any limits as to volume. Prism's proposal obliterates all of the protections of production by inspection by leaving Defendants entirely in the dark about which of their most sensitive trade secrets have been removed from the secure environment and are at risk for disclosure.

Prism's proposal thus presents severe concerns for Defendants. First, Prism's proposal does not properly appreciate the risk attendant with the printing of any source code, as creating

---

of protections that help to prevent the inadvertent disclosure of sensitive information of the producing party. Prism's plea to "trust" has no place in such an analysis.

any copies of the code increases the risk of disclosure of the source material. *See, e.g.,* Docket No. 287-1, Ex. D (Judge Robinson's default standard) at ¶ 5 ("Source code may not be printed or copied without the agreement of the producing party or further order of the court."). This risk is necessarily heightened by Prism's proposal to allow an unlimited number of printouts. Combined with Prism's proposal to strip away Defendants' ability to monitor the security of their respective source code by placing the code at the office of counsel for Prism, Defendants are left with no ability to realistically ensure the protection of their source code.

Second, Prism's proposal eliminates any ability for Defendants to object to either the production of certain portions of their source code or the production of excessive amounts of code. Prism instead proposes that it will create and keep a source code log. Defendants, however, would not have access to the source code log; therefore, Defendants would have no ability to object to any particular production of code. Under Prism's proposal, the log would serve no real function except as a tool to identify where a leak may have existed after disclosure. In doing so, Prism's proposed source code log reflects a misunderstanding of the purpose of Defendants' proposed protective order: Defendants want to ensure that their source code is not disclosed, rather than attempt to identify who was responsible for the disclosure after the harm has already occurred.

Prism provides limited authority in support of its proposal for unlimited printing, relying almost entirely on a Magistrate Judge's order from *InNova Patent Licensing LLC v. 3Com Corporation*, Case No. 2:10-CV-251-DF-CE, Docket No. 440 (E.D. Tex, May 18, 2011) (Docket No. 440). However, Prism's reliance on that order is improper and without merit as the Magistrate Judge's decision was made without the benefit of any briefing and is currently the subject of objections and a motion for reconsideration on which U.S. District Judge Folsom has

6

not yet ruled.[3]  Furthermore, the Magistrate Judge's decision is contrary to the authority cited herein and in Defendants' Motion.

In addition, Prism's contention that Defendants' proposal somehow invades the attorney work product has been considered and rejected by other courts.  *See, e.g.*, *Polycom, Inc. v. Codian, LTD.*, 2007 U.S. Dist. LEXIS 4293 (E.D. Tex. Jan. 22, 2007) ("The Court also finds unpersuasive Plaintiffs' argument that the current system creates an intrusion into Plaintiffs' work product because Defendants would know which counsel and/or experts were reviewing the code and any sections they choose to print.").

Defendants' proposal, in contrast to that of Prism, presents a reasonable and tailored solution.  Defendants' proposal allows for Prism to request permission, based on reasonable need, to exceed the presumptive limits set forth in the proposal.  This approach allows Prism to print more pages of source code, if there is a reasonable need, and at the same time allows Defendants to ensure that the number of pages of print out does not become excessive.  Defendants also proposed a self-imposed limit on their review period of three days.  This limited time for a Defendant to review Prism's request's for lengthier printouts ensures that there will be no, or very limited, delays in the printing of source code.  Prism's brief does not address, much less challenge, the reasonableness of these proposed restrictions.

**B. Prism's Proposal to Log Post-Suit Communications Imposes an Unjustified and Substantial Burden on Defendants.**

---

[3] Prism also cites to the protective orders entered in *i4i Limited Partnership v. Microsoft Corp.* Case No. 6:07-cv-113 (E.D. Tex. Aug. 7, 2007), and *Commonwealth Scientific and Indus. Research Org. v. Buffalo Tec. (USA), Inc.*, Case No. 6:06-cv-324 (E.D. Tex. July 15, 2005), to support its arguments.  Those orders have no persuasive weight: Both of the protective orders were agreed to by the parties, none of which is a party to this case.  While the parties in those cases may have agreed to such a procedure concerning printing, Defendants most assuredly do not.

Prism has requested that the Court enter a protective order that requires the parties to log both pre- and post-suit communications. Prism initially agreed with Defendants that post-suit communications would not be logged, but later reversed itself in an effort to force Defendants to agree that pre-suit communications would not be logged. Defendants oppose Prism's position because it ignores the indisputable impracticality of logging *all* communications between the parties and their counsel during the pendency of the case while providing very limited, if any, value in return. Prism's unjustified proposal deviates from common practice and should be rejected.

Importantly, Prism fails to address the substantial cost associated with the logging of post-suit communications. Because of the broad discovery requests propounded by Prism, there are likely to be thousands of emails that could be potentially responsive to those requests. *See, e.g.,* Docket No. 287-1, Ex. H at 17 (Prism Request for Production No. 62 to Adobe) (requesting "any communications between [the Defendant] and any other person or entity, including all named Defendants to this litigation, or their counsel, regarding the PATENT-IN-SUIT, Prism and/or the instant litigation."). Indeed, given the broad definitions included within Prism's requests, Prism has requested production of every email between the Defendants and their counsel, and among the Defendants' counsel. *Compare id*. at 5 (Definitions) (instructions for requests for production that define "you" to include defendants' attorneys) *with id*. at 17 (Request No. 62) (requesting production of communications with counsel for other Defendants). Each and every such communication is privileged by definition. Prism has served an identical request for production on each Defendant. *See, e.g.,* Prism's identical Request for Production No. 62 to Symantec (Ex. B to Defendants' Index of Evidence in Opposition to Plaintiff's Motion for Entry of Protective Order, at 17).

8

The cost to the eight Defendants of reviewing and logging what are anticipated to be thousands or tens of thousands (if each attorney's e-mails had to be individually logged) of indisputably privileged documents that have been, or which will be created over the course of the litigation, would be on the order of tens, if not hundreds, of thousands of dollars. Such costs are excessive and totally unwarranted.

Moreover, the purpose of a privilege log is to "enable other parties to assess the claim" of privilege or protection. *See* Fed. R. Civ. Pro. 26(b)(5). There is no need to assess a claim of privilege as to (1) communications between the joint defense group in this action, (2) communications between outside counsel and their respective clients, or (3) internal communications within an outside counsel's law firm. Such communications are indisputably privileged and/or attorney work product and do not need to be logged. *Ryan Investment Corp. v. Pedregal de Cabo San Lucas*, 2009 U.S. Dist. LEXIS 118337 at *8-9 (N.D. Cal. Dec. 18, 2009) ("[C]ounsel's communications with the client and work product developed once litigation commences are presumptively privileged and need not be included on any privilege log. . . . Plaintiff's motion to compel is therefore denied to the extent it seeks to require a log of post-litigation counsel communications and work product.").[4]

---

[4] Should the Court find that all such communications should be logged, Defendants respectfully request that, rather than log each individual document, they be permitted to give a categorical description of the privileged documents through counsel declarations providing information concerning the number of documents withheld, the time period encompassed by those documents, and a statement declaring that the documents fall within the attorney-client privilege and/or work product doctrine. *See* Advisory Committee's Notes on Rule 26(b)(5) (noting that a detailed privilege log may appropriate where only a "few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories"); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (ordering that a privilege log produced that described withheld information only by category).

9

The purported countervailing benefit from such an intrusive scheme is illusory.  Prism articulates no interest in its motion to justify the burdensome and wasteful logging of post-suit communications.  Instead, Prism makes the incorrect and irrelevant assertion that Defendants' proposal "would entirely eliminate their own obligation to log communications between litigation counsel and client." (Prism Motion at 7.)  Prism's assertion is wrong:  Defendants' proposal places the ***exact*** same obligations on Defendants and Prism.  No party will be obligated to log post-suit communications and all parties will be obligated to log pre-suit communications, if any.  Prism's assertion is also irrelevant – a party is not entitled to force its opponent to waste time and money on irrelevant "make work" as part of the discovery process.[5]

Ultimately, Prism has proposed two choices – either the parties are to log *all* communications or the parties are to log *none* of those communications – but it has not provided any reasonable justification for either.  Defendants request that the Court reject this inflexible approach, and adopt the commonly accepted practice that post-suit communications need not be logged and that only those communications regarding the conduct of this litigation that occurred before the lawsuit began need be logged.  *United States v. Bouchard Transp.*, 2010 WL 1529248 at *2, C.A. No. 08-CV-4490 (E.D.N.Y. 2010) (noting that "privilege logs are commonly limited to documents created before the date litigation was initiated [because] in many situations, it can

---

[5] Prism may respond that it will have to log more pre-suit communications than Defendants.  Even if true, the relative impact of an equally applicable discovery rule is irrelevant.  For instance, as a practical matter, Prism will not be subject to the protective order's provisions as to source code because Prism does not develop or sell anything.  The disparate impact is simply not a reason to deny a proposed provision.  The relative benefit of the proposed material is relevant.  Here, and unlike post-suit communications, pre-suit communications have substantial value to the litigation.  Those communications may reflect Prism's evaluations of the Defendants or their products, involvement of other individuals or parties in the decision to bring this lawsuit, and communications reflecting investigation, or the lack thereof, to substantiate this lawsuit.  Defendants are clearly entitled to assess any claims of privilege over such communications, as Prism now appreciates.

be assumed that all documents created after charges have been brought or a lawsuit has been filed and withheld on the grounds of privilege were created "because of" that pending litigation."); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 243-44 (E.D.N.C. 2010) (the parties agreed that "'[p]rivileged communications and work product of any attorney of record with respect to this litigation that are dated on or after the date of the filing of the original Complaint need not be identified on any privilege log.'"). Accordingly, Defendants respectfully request that the Court deny Prism's proposal.

### III. CONCLUSION

For all of these reasons, Defendants ask the Court to deny Prism's motion for the entry of its proposed protective order and instead enter Defendants' proposed protective order.

Dated: October 14, 2011.

        Respectfully submitted,

By: *s/ Michael T. Hilgers*
Michael T. Hilgers (# 24483)
Carrie S. Dolton (#24221)
GOBER HILGERS PLLC
1603 Farnam Street, Suite 3000
Omaha, NE 68102
Telephone: (402) 218-2106
Facsimile: (877) 437-5755
mhilgers@goberhilgers.com
cdolton@goberhilgers.com

Frank E. Scherkenbach (pro hac vice)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
scherkenbach@fr.com

Kelly C. Hunsaker (pro hac vice)
Tamara D. Fraizer (pro hac vice)
Jonathan J. Lamberson (pro hac vice)

Betty H. Chen (pro hac vice)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
hunsaker@fr.com
fraizer@fr.com
lamberson@fr.com
bchen@fr.com

ATTORNEYS FOR DEFENDANTS ADOBE
SYSTEMS INCORPORATED AND NATIONAL
INSTRUMENTS CORPORATION

*s/ Dean G. Dunlavey*
Dean G. Dunlavey (pro hac vice)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 755-8260
Facsimile: (714) 755-8290
dean.dunlavey@lw.com

Richard P. Jeffries (#20089)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
One Pacific Place
1125 South 103rd Street, Suite 600
Omaha, Nebraska 68124
Telephone: (402) 397-1700
Facsimile: (402) 397-1806
rickjeffries@clinewilliams.com

Mark A. Flagel (pro hac vice)
Dale Chang (pro hac vice)
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
mark.flagel@lw.com
dale.chang@lw.com

ATTORNEYS FOR DEFENDANT
SYMANTEC CORP.

*s/ Rudy Y. Kim*
Rudy Y. Kim (pro hac vice)
Erika L. Yawger (pro hac vice)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
rudykim@mofo.com
eyawger@mofo.com

Michael A. Jacobs (pro hac vice)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
mjacobs@mofo.com

John P. Passarelli (#16018)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com

ATTORNEYS FOR DEFENDANT
AUTODESK, INC.

        *s/ Matthew R. Rodgers*
        Danny L. Williams (pro hac vice)
        Ruben S. Bains (pro hac vice)
        Matthew R. Rodgers (pro hac vice)
        WILLIAMS, MORGAN & AMERSON, P.C.
        10333 Richmond Avenue, Suite 1100
        Houston, Texas  77042
        Telephone:  (713) 934-7000
        Facsimile:  (713) 934-7011
        dwilliams@wmalaw.com
        rbains@wmalaw.com
        mrodgers@wmalaw.com

        John P. Passarelli (#16018)
        KUTAK ROCK LLP
        The Omaha Building
        1650 Farnam Street
        Omaha, Nebraska  68102
        Telephone:  (402) 346-6000
        Facsimile:  (402) 346-1148
        john.passarelli@kutakrock.com

        ATTORNEYS FOR DEFENDANTS
        MCAFEE, INC. AND THE MATHWORKS, INC.

*s/ Michael T. Hilgers*
Michael T. Hilgers (#24483)
Carrie S. Dolton (#24221)
GOBER HILGERS PLLC
1603 Farnam Street, Suite 3000
Omaha, NE  68102
Telephone:  (402) 218-2106
Facsimile:  (877) 437-5755
mhilgers@goberhilgers.com

Jonathan Singer (pro hac vice)
FISH & RICHARDSON PC
60 South 6th Street, Suite 3200
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696
singer@fr.com

Lara S. Garner (pro hac vice)
FISH & RICHARDSON PC
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-4332
Facsimile:  (858) 678-5070
lgarner@fr.com

ATTORNEYS FOR DEFENDANT
SAGE SOFTWARE, INC.

*s/ Michael T. Hilgers*
Michael T. Hilgers (#24483)
Carrie S. Dolton (#24221)
GOBER HILGERS PLLC
1603 Farnam Street, Suite 3000
Omaha, NE 68102
Telephone: (402) 218-2106
Facsimile: (877) 437-5755
mhilgers@goberhilgers.com


Mark D. Fowler (pro hac vice)
Robert Buergi (pro hac vice)
DLA Piper LLP (US)
2000 University Ave.
East Palo Alto, CA 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
mark.fowler@dlapiper.com
robert.buergi@dlapiper.com

ATTORNEYS FOR DEFENDANT
TREND MICRO INCORPORATED

# CERTIFICATE OF SERVICE

I hereby certify on October 14, 2011, I electronically filed the foregoing BRIEF IN OPPOSITION with the Clerk using the Court's CM/ECF system, which sent notification of such filing to the following:

**Richard P. Jeffries**
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.
rickjeffries@clinewilliams.com
Attorney for Symantec Corporation

**Robert Buergi**
DLA PIPER LLP
robert.buergi@dlapiper.com
Attorney for Trend Micro

**Mark D. Fowler**
DLA PIPER LLP
mark.fowler@dlapiper.com
Attorney for Trend Micro

**Betty H. Chen**
FISH & RICHARDSON P.C.
bchen@fr.com
Attorney for NIC and Adobe Systems, Inc.

**Tamara D. Fraizer**
FISH & RICHARDSON P.C.
fraizer@fr.com
Attorney for NIC and Adobe Systems, Inc.

**Kelly C. Hunsaker**
FISH & RICHARDSON P.C.
hunsaker@fr.com
Attorney for NIC and Adobe Systems Inc.

**Jonathan J. Lamberson**
FISH & RICHARDSON P.C.
lamberson@fr.com
Attorney for NIC and Adobe Systems Inc.

**Frank E. Scherkenbach**
FISH & RICHARDSON P.C.
scherkenbach@fr.com
Attorney for NIC and Adobe Systems Inc.

**Michael R. Headley**
FISH & RICHARDSON P.C.
headley@fr.com
Attorney for NIC

**Lara S. Garner**
FISH RICHARDSON P.C.
lgarner@fr.com
Attorney for Sage Software

**Jonathan Singer**
FISH & RICHARDSON P.C.
singer@fr.com
Attorney for Sage Software

**Michael C. Cox**
KOLEY JESSEN P.C., L.L.O.
mike.cox@koleyjessen.com
Attorney for Prism Technologies LLC

**Daniel J. Fischer**
KOLEY JESSEN P.C., L.L.O.
dan.fischer@kolevjessen.com
Attorney for Prism Technologies LLC

**David A. Yudelson**
KOLEY JESSEN P.C., L.L.O.
Yudelson@kolevjessen.com
Attorneys for Prism Technologies LLC

**John P. Passarelli**
KUTAK ROCK L.L.P.
iohn.passarelli@kutakrock.com
Attorney for Autodesk, Inc., McAfee and The Mathworks, Inc.

**Carmen M. Aviles**
LANIER LAW FIRM
cma@lanierlawfirm.com
Attorney for Prism Technologies LLC

**Christopher D. Banys**
LANIER LAW FIRM
cdb@lanierlawfirm.com
Attorney for Prism Technologies LLC

**Dara G. Hegar**
LANIER LAW FIRM
dgh@lanierlawfirm.com
Attorney for Prism Technologies LLC

**W. Mark Lanier**
LANIER LAW FIRM
wml@lanierlawfirm.com
Attorney for Prism Technologies LLC

**Richard C. Lin**
LANIER LAW FIRM
rcl@lanierlawfirm.com
Attorney for Prism Technologies LLC

**Daniel M. Shafer**
LANIER LAW FIRM
dms@lanierlawfirm.com
Attorney for Prism Technologies LLC

**Dale Chang**
LATHAM & WATKINS LLP
dale.chang@lw.com
Attorney for Symantec Corp

**Dean G. Dunlavey**
LATHAM & WATKINS LLP
dean.dunlavey@lw.com
Attorney for Symantec Corp.

**Mark A. Flagel**
LATHAM & WATKINS LLP
mark.flagel@lw.com
Attorney for Symantec Corp.

**Yury Kapgan**
LATHAM & WATKINS LLP
yury.kapgan@lw.com
Attorney for Symantec Corp.

**Michael A. Jacobs**
MORRISON & FOERSTER L.L.P.
mjacobs@mofo.com
Attorney for Autodesk, Inc.

**Christopher F. Jeu**
MORRISON & FOERSTER L.L.P.
cjeu@mofo.com
Attorney for Autodesk, Inc.

**Erika L. Yawger**
MORRISON & FOERSTER L.L.P.
eyawger@mofo.com
Attorney for Autodesk, Inc.

**Rudy Y. Kim**
MORRISON & FOERSTER L.L.P.
rudykim@mofo.com
Attorney for Autodesk, Inc.

**Andre J. Bahou**
PRISM TECHNOLOGIES, LLC
aj.bahou@prsmip.com

**Ruben S. Bains**
WILLIAMS, MORGAN & AMERSON, P.C.
rbains@wmalaw.com
Attorney for The Mathworks, Inc. and McAfee

**Matthew R. Rodgers**
WILLIAMS, MORGAN & AMERSON, P.C.
mrodgers@wmalaw.com
Attorney for The Mathworks, Inc. and McAfee

**Danny L. Williams**
WILLIAMS, MORGAN & AMERSON, P.C.
danny@wmalaw.com
Attorney for The Mathworks, Inc. and McAfee

       ___s/ Michael Hilgers_____
         Michael Hilgers