```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,    )
                            )
            Plaintiff,      )         8:10CV220
                            )
      v.                    )
                            )
ADOBE SYSTEMS, INCORPORATED,)         MEMORANDUM AND ORDER
AUTODESK, INC.; McAFEE, INC.,)
NATIONAL INSTRUMENTS        )
CORPORATION; SAGE SOFTWARE, )
INC., SYMANTEC CORPORATION; )
THE MATHWORKS, INC., and    )
TREND MICRO INCORPORATED,   )
                            )
            Defendants.     )
_____)
```

This matter is before the Court on plaintiff's motion for protective order governing the disclosure and use of discovery materials (Filing No. 277) and defendant's motion for entry of protective order (Filing No. 285), both pursuant to Federal Rule of Civil Procedure 26(c). The parties have identified two areas of disagreement in their respective proposed protective orders.

**I. Section 9:  Source Code Review and Printing**.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  The rule particularly allows for an order

> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery; . . .
>
> (E) designating the persons who may be present while the discovery is conducted; . . . [and]
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

Fed. R. Civ. P. 26(c)(1).

The Court acknowledges that "Defendants have vital concerns about the confidentiality of their products' source code" (Filing No. 301, at 2). The Court agrees that a loss of the confidentiality of the defendants' source code would result in "irreparable injury" (Filing No. 301, at 3). The Court finds that unlimited printing of defendants' source code, plus the relinquishment of an electronic copy, solely at the location of plaintiffs' counsel or other approved expert, would unduly risk defendants' hard-fought confidentiality of this investment. The Court will adopt in its protection order the section 9 language proposed by the defendants (Ex. 2, Filing No. 287, at 5-9), with one exception, which is that the first sentence of section 9(b)(ii) will be modified to read as follows: "Printed sections/electronic images of source code exceeding 75 continuous

pages of code and 1,000 pages cumulatively shall be presumed excessive . . . ."

## II.  Privilege Logs Pursuant to Fed. R. Civ. P. 26(b)(5).

Federal Rule of Civil Procedure 26(b)(5)(A) reads,

> (5) Claiming Privilege or Protecting Trial-Preparation Materials.
>
> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).  "Thus, a party wishing to invoke the privilege in responding to document discovery must assert it as to all documents to which it may apply."  *PaineWebber Grp., Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 992 (8th Cir. 1999).  This naturally requires some discernment by the party, because "Whether a document is in fact privileged can be a difficult question . . . ."  *Id.*  Absent agreement among the parties, the question is necessarily "decided by the tribunal conducting the proceeding in which the privilege has been

asserted. The party seeking discovery cannot see the allegedly privileged documents -- that might waive the privilege -- so the dispute is usually resolved by submitting them to the tribunal in camera. This is an awkward, time-consuming process." *Id.* The creation of the privilege log pursuant to Rule 26(b)(5) can aid the court in its resolution of a dispute, but "The tribunal ultimately decides what information must be disclosed on a privileged document log." *Id.*

Some courts have adopted assumptions that limit the necessity to create such "privilege logs" of communications between a party and counsel in cases where attorney-client privilege is evident, particularly when the communications are voluminous. Defendants cite two cases, one unreported, as examples. The United States District Court for the Northern District of California has written, "[C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log. . . . Plaintiff's motion to compel is therefore denied to the extent it seeks to require a log of post-litigation counsel communications and work product . . . ." *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, No. C 06-3219, 2009 U.S. Dist. LEXIS 118337, at *9 (N.D. Cal. Dec. 18, 2009).

Similarly, the United States District Court for the District of New York has written, "[P]rivilege logs are commonly

limited to documents created before the date litigation was initiated. . . . [I]n many situations, it can be assumed that all documents created after . . . a lawsuit has been filed and withheld on the grounds of privilege were created 'because of' that pending litigation." *U.S. v. Bouchard Transp.*, No. 08-CV-4490, 2010 WL 1529248, at *2 (E.D.N.Y. 2010). Further, in a footnote, that court stated, "I find that Plaintiff is legally required to produce a privilege log for all documents created before the date this lawsuit was filed . . . ." *Id.* at *2 n.1.

In this case, plaintiff has requested discovery of "DOCUMENTS evidencing any communications between YOU and any other person or entity, INCLUDING all named DEFENDANTS to this litigation, or their counsel, regarding the PATENT-IN-SUIT, Prism and/or the instant litigation" from each defendant (Ex. 11, Filing No. 287, at 17). Defendants propose that this Court make an assumption about communications between the parties and their attorneys that occurred after the date the litigation began, such that "only those communications regarding the conduct of this litigation that occurred before the lawsuit began need be logged" and "communications regarding the conduct of this litigation occurring since the litigation was filed need not be logged" (Filing No. 286, at 9). Plaintiff argues that this assumption should equally apply to its communications with counsel before the litigation began, because its use of the counsel for this

action has been limited to this action (Filing No. 319, at 10). Plaintiff does not supply any case law in support of this contention.  In the alternative, plaintiff argues, "Because the parties cannot agree, they should simply follow the Federal Rule for purposes of logging communications with current outside litigation counsel" (Filing No. 278, at 7).

The Court finds the reasoning of the other district courts cited above persuasive regarding an assumption of attorney-client privilege regarding communications between the parties and their counsel that took place after the litigation began, especially in light of the extensive discovery requested by plaintiff.  Thus, the Court will adopt in its protection order the section 25 language proposed by the defendants (Ex. 2, Filing No. 287, at 17).

### IV.   Sections 10(e) and 23.

The parties have made representations to the Court that the only differences in the two proposed protective orders are in sections 9 and 25 (Ex. 3, Filing No. 279, at 2; Filing No. 286, at 2-3).  However, the Court notes that plaintiff's proposed protection order (Ex. 2, Filing No. 279, at 8) contains a section 10(e), while defendants' proposed order does not (Ex. 2, Filing No. 287, at 10).  In addition, the last sentence of section 23 in defendants' proposed order has an extra clause that is not present in plaintiff's proposed order.  The parties will resolve

these differences, and any others that may exist, in accordance with this memorandum and order, as applicable.  Accordingly,

IT IS ORDERED that the parties shall submit to the Court a Joint Motion for Entry of Stipulated Protective Order incorporating the decisions of this Court as delineated herein by November 21, 2011.

DATED this 14th day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court