IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,        )
                                )
            Plaintiff,          )        8:10CV220
                                )
        v.                      )
                                )
ADOBE SYSTEMS, INCORPORATED,    )        MEMORANDUM AND ORDER
AUTODESK, INC.; McAFEE, INC.,   )
NATIONAL INSTRUMENTS            )
CORPORATION; SAGE SOFTWARE,     )
INC., SYMANTEC CORPORATION;     )
THE MATHWORKS, INC., and        )
TREND MICRO INCORPORATED,       )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Filing No. 288). In this case, plaintiff Prism Technologies, LLC ("Prism") alleges infringement of its patent, U.S. Patent No. 7,290,288 ("'288 patent"), by defendants Adobe Systems, Inc., Autodesk, Inc., McAfee, Inc., National Instruments Corp., Sage Software, Inc., Symantec Corp., The Mathworks, Inc., and Trend Micro, Inc. (collectively, "defendants"). After reviewing the briefs, relevant case law, and evidence, the Court will deny defendants' motion.

## I. Procedural History.

Prism filed its complaint in this action on June 8, 2010 (Filing No. 1). After a planning conference held on November 30, 2010, the Court determined that an initial *Markman*

claim construction hearing would be held regarding the claim term "hardware key" because the construction of that term alone could be case-dispositive.  Discovery, which had not yet begun, was stayed pending the Court's ruling on the construction of the term "hardware key" (Filing No. 159).  On April 11, 2011, the Court conducted the *Markman* hearing for the purpose of construing "hardware key" (Filing No. 185).  After reviewing the '288 patent, briefs, evidentiary submissions, oral arguments, and the applicable law, the Court construed "hardware key" to mean:

> An external hardware device or object from which the predetermined digital identification can be read.

(Filing No. 188, at 2).[1]

Subsequent to the April 2011 *Markman* hearing, defendants moved for a summary judgment hearing schedule in support of their contention that the construction of "hardware key" was case-dispositive because none of the defendants' products contained such a hardware key (Filing Nos. 189 and 191). Conversely, Prism contended that this construction is not case-dispositive because defendants' products do contain hardware keys pursuant to that construction (Filing No. 190).  On July 22, 2011, this Court issued an order denying defendants' motion for a

---

[1] The claim term "access key" was found to be synonymous with the claim term "hardware key."

summary judgment hearing schedule, in effect lifting the stay so that discovery could begin (Filing No. 198).

The Court also issued a progression order with a discovery deadline of April 30, 2012 (Filing No. 199).  The progression order set the date of January 12, 2012, for a second *Markman* claim construction hearing regarding the other disputed claim terms in the '288 patent.

Defendants filed their motion for summary judgment on October 7, 2011, less than three months after discovery had begun, and six months before the close of discovery as per the progression order.

Prism filed a brief in opposition to defendants' motion for summary judgment addressing the substantive issues of the motion (Filing No. 334).  Prism also suggests that the Court deny summary judgment because the motion is "premature" in the context of Federal Rule of Civil Procedure 56(d).

## II.  Standard of Review - Summary Judgment.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986).  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in

-3-

other words, there are any genuine factual issues that properly
can be resolved only by a finder of fact because they may
reasonably be resolved in favor of either party."  *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "Where the
unresolved issues are primarily legal rather than factual,
summary judgment is particularly appropriate."  *Koehn v. Indian
Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

## III.  Federal Rule of Civil Procedure 56(d).

Federal Rule of Civil Procedure 56(d) states,

> When Facts Are Unavailable to the
> Nonmovant.  If a nonmovant shows by
> affidavit or declaration that, for
> specified reasons, it cannot
> present facts essential to justify
> its opposition, the court may:
>
> (1) defer considering the motion or
> deny it;
>
> (2) allow time to obtain affidavits
> or declarations or to take
> discovery; or
>
> (3) issue any other appropriate
> order.[2]

"Although discovery need not be complete before a case
is dismissed, summary judgment is proper only if the nonmovant
has had adequate time for discovery."  *Robinson v. Terex Corp.*

---

[2] As of December 1, 2010, Rule 56(f) was recodified as Rule
56(d).  "Subdivision (d) carries forward without substantial
change the provisions of the former subdivision (f)."  Fed. R.
Civ. P. 56(d) 2010 amend. cmt. (2010).

-4-

439 F.3d 465, 467 (8th Cir. 2006). "[Rule 56(d)] allows a
summary judgment motion to be denied, or the hearing on the
motion to be continued, if the nonmoving party has not had an
opportunity to make full discovery." *Celotex*, 477 U.S. at 326.
"The nonmoving party must make a showing, however, that discovery
has been inadequate." *Robinson*, 439 F.3d at 467.

  "Rule [56(d)] is not a shield that can be raised to
block a motion for summary judgment without even the slightest
showing by the opposing party that his opposition is
meritorious." *Willmar Poultry Co. v. Morton-Norwich Prod., Inc.*,
520 F.2d 289, 297 (8th Cir. 1975). Instead, "[a] party invoking
its protections must do so in good faith by affirmatively
demonstrating . . . how postponement of a ruling on the motion
will enable him, by discovery or other means, to rebut the
movant's showing of the absence of a genuine issue of fact." *Id*.
"[Rule 56(d)] provides a 'safeguard against an improvident or
premature grant of summary judgment . . . and [it] should be
applied with a spirit of liberality.'" *Weber v. The Travelers
Home and Marine Ins. Co.*, No. 10-2142, 2011 WL 1757563, at *1 (D.
Minn. March 1, 2011) (quoting *United States ex rel. Bernard v.
Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)).

  Here, Prism maintains that defendants' motion for
summary judgment is premature for two reasons. First, Prism
cites the two-step infringement analysis described by the Federal

-5-

Circuit in *Markman*:  "The first step is determining the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996).  "The second step is comparing the properly construed claims to the device accused of infringing."  *Id.*  Prism claims that the April 2011 *Markman* hearing, held before discovery had begun, "resolved nothing" and that the problem would only be compounded if summary judgment were granted now, before the January 2012 *Markman* hearing (Filing No. 334, at 26).

Prism maintains that defendants infringe its patent via "their CD-ROMS and other hardware keys" and that the question of infringement is dependent upon the meaning of yet-to-be constructed terms such as "digital identification" and "identity data" (*Id.*).  Ultimately, Prism claims that "summary judgment of non-infringement is inappropriate where important claim terms have yet to be construed" (*Id.* at 27).

Defendants, on the other hand, maintain that another *Markman* hearing is unnecessary for the simple reason that the only possible hardware keys produced by defendants are CD-ROMs, all of which are mass-produced and therefore cannot provide "digital identification" (Filing No. 368, at 1-2).  However, the defendants have produced little evidence that would establish that Prism's allegation of infringement is limited to a CD-ROM.

-6-

On the contrary, Prism's complaint did not specify what kind of product was the claimed hardware key.  For each defendant, the complaint reads that the defendant "has been and now is directly and jointly infringing the '288 patent . . . by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various [defendant] software products" (Filing No. 1, at 5-6).  This allegation does not identify the offending product as a CD-ROM at all, much less exclusively so.

Similarly, Prism has previously identified a CD-ROM as one possible hardware key, but has not identified a CD-ROM as the exclusive embodiment of a hardware key.  For example, at the hearing of the parties on August 4, 2011, the following colloquy was had between the Court and Prism's counsel:

> THE COURT: Is it your claim that the CD-ROM itself is an external hardware key?
>
> MR. BANYS: Yes, it is, Your Honor. In many instances, anyway.  We do have multiple defendants with multiple products.

(Filing No. 218, at 17:17-21).

Yet defendants maintain that the idea that the hardware key could be something other than a CD-ROM is "an entirely new infringement theory" that Prism only advanced for the first time "in supplemental interrogatory responses served three weeks after Defendants filed their Motion" for summary judgment (Filing No.

-7-

368, at 6, emphasis omitted).  This argument only holds water if
defendants can show that Prism unequivocally boxed itself into a
CD-ROM-only argument; defendants have not succeeded in doing so.
Thus, if the possibility of the existence of a hardware key
exists, then, at a minimum, the other terms in this Court's
construction of the term "hardware key" are relevant to the
determination of infringement, making further claim construction
necessary to decide the issue.  The Court finds that there is
considerable dispute as to the material facts regarding
infringement in this case and that the dispute may be at least
partially resolved by a second *Markman* claim construction hearing
in January 2012.

        Prism's second argument in favor of the contention that
defendants' motion for summary judgment is premature concerns
defendants' alleged inadequate response to Prism's discovery
requests (Filing No. 334, at 31).  Prism details what it sees as
the inadequacy of defendants' responses, for example, claiming
that "as of the date they moved for summary judgment, Defendants
McAfee, Symantec, and MathWorks had yet to produce a single
document" (*Id.*).  The parties disagree as to whether discovery
requests are being adequately and promptly met.  Prism maintains
that discovery requests are ignored; defendants claim that
discovery requests are for voluminous, irrelevant materials, and
that further discovery would be "fruitless" in any event.

However, the Court is persuaded by Prism's contention that "[i]n a case involving authentication and security, it should come as no surprise that much of the technical information Prism needs to ultimately prove its case resides [with] and is kept confidential by Defendants" (Filing No. 334, at 34). Prism claims that "by refusing to comply with discovery while at the same time moving for summary judgment, Defendants have effectively prevented Prism from defending itself. This is precisely why Fed. R. Civ. P. 56(d) exists" (*Id.*).

The Court finds that Prism is entitled to a postponement of the ruling on defendants' motion for summary judgment so that Prism may proceed with discovery. Defendants' motion for summary judgment will be denied, without prejudice, with leave to re-file following the issuance of the Court's memorandum and order as to claim construction, subsequent to the January 2012 hearing. Prism's motion to strike or, in the alternative, to file surreply brief (Filing No. 376) will be denied as moot. Accordingly,

IT IS ORDERED:

1) Defendants' motion for summary judgment (Filing No. 288) is denied, without prejudice, with leave to re-file following the issuance of the Court's memorandum and order as to claim construction, subsequent to the January 2012 hearing; and

-9-

2) Prism's motion to strike or, in the alternative, to file surreply brief (Filing No. 376) is denied as moot.

DATED this 28th day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court