```
            IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,      )
                              )
              Plaintiff,      )         8:10CV220
                              )
         v.                   )
                              )
ADOBE SYSTEMS, INCORPORATED,  )         MEMORANDUM AND ORDER
AUTODESK, INC.; McAFEE, INC., )
NATIONAL INSTRUMENTS          )
CORPORATION; SAGE SOFTWARE,   )
INC., SYMANTEC CORPORATION;   )
THE MATHWORKS, INC., and      )
TREND MICRO INCORPORATED,     )
                              )
              Defendants.     )
_____)
```

Plaintiff Prism Technologies, LLC ("Prism") alleges infringement of its patent, U.S. Patent No. 7,290,288 ("'288 patent"), by defendants Adobe Systems, Inc., Autodesk, Inc., McAfee, Inc., National Instruments Corp., Sage Software, Inc., Symantec Corp., The Mathworks, Inc., and Trend Micro, Inc. (collectively, "defendants"). Before the Court is Prism's motion to compel filed pursuant to Federal Rule of Civil Procedure 37(a), with accompanying brief and indices of evidence (Filing Nos. 359, 360, 361, 362, 363, and 365). Defendants filed an opposing brief with index of evidence (Filing Nos. 394 and 395), and Prism filed a reply brief with index of evidence (Filing Nos. 407 and 408).

I.  **"Meet and Confer" Requirement.**

Both Federal Rule of Civil Procedure 37(a) and United States District Court for the District of Nebraska local rule 7.0.1(i) require that the party moving to compel discovery must "meet and confer" with the other party: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In particular,

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.0.1(i). The purpose of the rule is to require the parties to attempt to resolve disputes over the disclosure of information among themselves before seeking court assistance.

-2-

Counsel and the parties are much more informed than the court concerning the disputed issues.

Prism has filed a "Nebraska Civil Rule 7(i) Certificate of Conference" with its motion, wherein it details phone calls that it claims it had with each defendant regarding the unsatisfied requests that it complains about in its motion to compel (Filing No. 359, at 5-6). Prism claims that it "has endeavored not to reach out to the Court for help in the first instance, but has instead conducted extensive meet and confer efforts with the Defendants, most of which have been fruitless" (Filing No. 360, at 4).

Defendants claim that "those statements are false" (Filing No. 394, at 4). Defendants claim that "Prism filed its motion to compel . . . without engaging in the mandatory meet-and-confer process" (*Id.*). Defendants dispute most of the claims made by Prism as to the content of the claimed phone calls. *See* Filing No. 394. Many defendants claim that they would have been willing to discuss the matters more fully with Prism, but only if Prism had been willing to withdraw the motion to compel. *E.g.*, Ex. 27, Filing No. 395, at 2.

However, Prism would only consider withdrawing the motion to compel after having a further discussion about the issues contained therein. *E.g.*, Ex. 27, Filing No. 395, at 4. Prism claims that while "Defendants raised a variety of

objections to these RFPs [Requests for Production], during the meet and confer process all Defendants eventually agreed to produce technical documents responsive to these requests." (Filing No. 360, at 7). Prism states, "Defendants' argument that Prism failed to comply with Local Rule 7.0.1(i) is unfounded. As evidenced by the 90 exhibits to Prism's Motion to Compel, Prism met and conferred with each Defendant regarding discovery deficiencies and document production by telephone and followed up with extensive correspondence" (Filing No. 407, at 14).

On the one hand, Prism claims that it met and conferred with defendants about the disputed requests for production. However, like defendants, the Court does not find evidence of this in all instances in Prism's proffered letters to defendants "memorializing our . . . meet and confer." *See* Ex. 1, Filing No. 361, and letters cited therein. On the other hand, by their objections to Prism's ostensible meet and confer compliance, defendants have turned the meet and confer requirement into yet another discovery issue in which the Court is invited to involve itself. The Court directs the parties to do more to shoulder the laboring oar of identifying and resolving discovery disputes themselves.

As a practical matter, the Court has no way to determine what was actually discussed during any given phone call. The Court finds that while defendants have provided some

evidence to the contrary, on balance, Prism has made a sufficient showing of an attempt to meet and confer to satisfy the local rule, as evidenced by the documentation of phone calls, letters, and emails between Prism and each defendant.  *See* Filing Nos. 361, 362, 363, 365, 395, and 408.  The Court will not deny Prism's motion for lack of compliance with the meet and confer requirement.

**II.  Federal Rules of Civil Procedure 26(b) and 37(a).**

Federal Rule of Civil Procedure 26(b) allows for broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011)(quoting Fed. R. Civ. P. 26(b)(1)).

> That said, "the [district] court must limit the frequency or extent of discovery otherwise allowed ... if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

> controversy, the parties'
> resources, the importance of the
> issues at stake in the action, and
> the importance of the discovery in
> resolving the issues."

*Id.* (quoting Fed. R. Civ. Pro. 26(b)(2)(C)(iii)).

In the event of noncompliance with a discovery request for relevant information, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.* 198 F.R.D. 508, 511 (N.D. Iowa 2000). "The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Whittington v. Legent Clearing, L.L.C.*, No. 8:10CV465, 2011 WL 6122566, at *3 (D. Neb. Dec. 8, 2011).

**III. Prism's Motion to Compel.**

Prism filed its complaint in this action on June 8, 2010. Due to a discovery stay in place before an initial *Markman* claim construction hearing, discovery did not begin until July 22, 2011, when this Court issued an order denying defendants' motion for a summary judgment hearing schedule (Filing No. 198). The Court also issued a progression order with a discovery deadline of April 30, 2012 (Filing No. 199). Thus, at this

-6-

point, the discovery period is approximately half over. The progression order also set the date of January 12, 2012, for a second *Markman* claim construction hearing regarding the other disputed claim terms in the '288 patent.

Prism served its requests for production on all eight defendants on the first date it could do so, July 22, 2011 (Ex. 1, Filing No. 361). Included in those requests were the contested Request Nos. 5, 14, 17, 36, 41, and 44. Prism claims that despite defendants' agreement to comply, "Defendants have continued to delay in producing the actual documents to Prism" (Filing No. 360, at 7-8). Prism states that "it is beyond dispute that the technical documents Prism seeks from Defendants are relevant to the issue of infringement" (Filing No. 360, at 11).

In addition to their complaint about the meet and confer requirement, defendants complain that "Prism also argues that it 'urgently needs' certain unspecified technical documents. However, as evidenced in its motion, Prism has not even made the effort to review the technical documents that have been produced" (Filing No. 394, at 5). Defendants state, "Prism declined or simply did not respond to offers from most Defendants to make the source code relating to activation for the accused CD-ROM products available for Prism's review" (*Id.*).

Prism replies, "If the Defendants have in their possession technical documents that explain in illustrations and plain English how their products operate, these documents are highly relevant and should be produced" (Filing No. 407, at 4). Further, "[w]ithout a doubt, many of these documents will become trial exhibits" (*Id.*). The Court will review the specifics of the parties' arguments with respect to each defendant.

**A. Adobe Systems Incorporated ("Adobe").** At the time Prism filed its motion, it claimed, "Adobe's production does not include many technical documents relating to the operation of Adobe's accused systems" (Filing No. 360, at 14). In addition, Prism claimed that Adobe's "production of technical documents is incomplete" due to the lack of responsive emails (*Id.*). Prism further states that the email files of Adobe employee Vivek Misra, whom Prism has already deposed, "should have relevant technical information regarding Adobe's accused software activation systems that should be produced" (*Id.*). In addition, Prism contends that Adobe should submit the responsive emails of several other Adobe employees that "Mr. Misra identified as having knowledge of the technical operation of Adobe's accused software activation system" (*Id.* at 15). Prism cites a District of Nebraska case to bolster its contention that responsive emails are discoverable. *See Meccatech, Inc. v. Kiser*, No. 8:05CV570, 2007 WL 1456211 (D. Neb. May 16, 2007).

-8-

Adobe claims that it "produced over 5,500 documents -- including documents responsive to the requests at issue in Prism's motion -- before Prism filed its motion" (Filing No. 394, at 13). Adobe claims that it is "working to respond" to submit "a few documents identified by Mr. Misra and documents that may have been omitted from Adobe's production due to technical issues" (*Id.* at 15).

With regard to the production of email, Adobe claims that Prism "has never provided any justification for such production and never discussed this issue with counsel for Adobe" (*Id.* at 13). Adobe complains that "Prism's further insistence that Adobe collect and produce all responsive email of twelve (12) specified Adobe employees is unjustified and nothing but an attempt to raise the costs of litigation" (*Id.* at 16). Without citation to case law, Adobe claims, "It is increasingly recognized that email is not generally relevant or discoverable absent a showing of particularized or specific need" (*Id.*).

Like every discovery request, the requests for production of email must comply with Rule 26(b)(1), which sets the standard for relevance in discovery, as discussed above. Moreover, Rule 26(b)(2)(c)(iii) stands to protect litigants from undue "burden and expense." With regard to the production of email, the Court finds that Adobe, as the "party resisting discovery," has not satisfied "the burden to show facts

justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Whittington*, 2011 WL 6122566 at *3. The Court finds that Adobe has not satisfied its "burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd.,* 198 F.R.D. at 511.

**B. Autodesk, Inc. ("Autodesk").** At the time Prism filed its motion, it claimed that Autodesk had "produced a total of 97 documents," but that with one exception, "all of the documents . . . are publically available" (Filing No. 360, at 13). Autodesk claims, "Other than contending that Autodesk has not produced a large volume of 'confidential' technical materials, Prism has not identified any substantive deficiencies in the document production" (Filing No. 394, at 10). "Moreover, since the filing of Prism's motion, Autodesk has produced over 10,000 pages of highly confidential technical documents" (*Id.*). Prism replies that "Autodesk has not affirmed that its production of technical documents is now complete" (Filing No. 407, at 10).

**C. McAfee, Inc. ("McAfee").** At the time Prism filed its motion, it claimed that McAfee had "produced no documents in this case" until four days before, when it produced 274 documents (Filing No. 360, at 16). McAfee claims it has produced "available documents responsive to the six RFPs at issue in Prism's motion" and that Prism "has not identified any

deficiencies in the content of the documents produced" (Filing No. 394, at 23).  Prism replies that McAfee's production "is still deficient" (Filing No. 407, at 12-13).  Prism states, "[E]ntirely missing from McAfee's production are the documents sufficient to show the structure and function or operation of the software . . ." (*Id.* at 13).

        **D.  National Instruments Corporation ("National Instruments").**  At the time Prism filed its motion, it claimed that National Instruments had "produced only 261 documents in this case" and that, "based on its review of NI's production to date, Prism has identified numerous technical documents that should exist at NI but have yet to be produced" (Filing No. 360, at 15).

        In addition, as with Adobe, Prism claims that "NI refuses to search any of its employees' e-mail files for documents responsive to Prism's document requests" (Filing No. 360, at 15).  Prism contends that National Instruments is required to submit the responsive emails of several employees that "NI has itself identified as the individuals most knowledgeable regarding its accused software activation systems" (*Id.* at 16).

        National Instruments states that it "has produced 261 confidential technical documents related to product activation

. . . [including] available documents responsive to the six RFPs at issue in Prism's motion" (Filing No. 394, at 19). In addition, National Instruments claims that some of the requested documents are "generally not within the custody of control of NI" (*Id.*).

With regard to the production of email, National Instruments states that Prism's request "is unjustified and nothing but an attempt to raise the costs of litigation" (*Id.*). National Instruments cites the arguments "noted above," meaning those given by Adobe, to bolster its claim that "[e]mails among NI employees that touch upon this technology are tangential at best and extremely unlikely to reveal anything more about the design and operation of the accused technology" (*Id.* at 20).

As with Adobe, with regard to the production of emails, the Court finds that National Instruments, as the "party resisting discovery," has not satisfied "the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Whittington*, 2011 WL 6122566 at *3. The Court finds that National Instruments has not satisfied its "burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd.,* 198 F.R.D. at 511.

**E. Sage Software Inc. ("Sage").** At the time Prism filed its motion, it claimed that Sage had "produced a total of

97 documents" that consist of "Sage advertisements and software brochures, installation guides, and pictures of software CDs" (Filing No. 360, at 13). Sage claims that it has "produced documents responsive to Prism's Requests for Production, including the requests identified by Prism in its motion" (Filing No. 394, at 10). Sage states that it "produced an additional 306,000 pages of documents in response to Prism's requests" and that it "further expects to produce additional documents in coming weeks" (*Id.*). Prism replies that "Sage entirely misses the point of Prism's motion to compel" because "Sage's mere representation that it will eventually complete its production sometime before the close of fact discovery in April 2012 does not resolve the issue" (Filing No. 407, at 9).

**F. Symantec Corporation ("Symantec").** At the time Prism filed its motion, it claimed that Symantec had "produced only 142 documents," and that "[i]t is unclear whether Symantec has completed its production of its technical documents" (Filing No. 360, at 16). Symantec claims that it has "offered to make technical documents with the relevant source code available for Prism's inspection" that are "responsive to at least the six RFPs at issue in Prism's motion" (Filing No. 394, at 25). However, Symantec claims that Prism "has apparently made no effort to review the produced documents" (*Id.*). Prism replies that it "has reviewed Symantec's production" and that it "does not include

documents sufficient to show the structure and function or operation of the software . . . ." (Filing No. 407, at 13). Moreover, "Symantec also refuses to make any representation as to the completeness of its production of technical documents" (*Id.*).

   **G. The MathWorks, Inc. ("MathWorks").** At the time Prism filed its motion, it claimed that Mathworks had "produced no documents in this case whatsoever" (Filing No. 360, at 12). Since that time, like McAfee, MathWorks claims it has produced "available documents responsive to the six RFPs at issue in Prism's motion" and that Prism "has not identified any deficiencies in the content of the documents produced" (Filing No. 394, at 23). Prism replies that "MathWorks produced its documents in a manner that made it impossible for Prism to access" (Filing No. 407 at 13).

   **H. Trend Micro Incorporated ("Trend Micro").** At the time Prism filed its motion, it claimed that Trend Micro had "produced a total of only 41 documents" that consist of "case filings, organizational charts, Trend Micro patents, and license agreement documents" (Filing No. 360, at 12-13). "Moreover, as far as Prism can tell, none of these documents provide any description regarding the technical operation of Trend Micro's accused software activation system" (*Id.* at 13). Trend Micro claims that even before Prism filed its motion, "Trend Micro made available for inspection over 9,500 documents related to the

functionality of Trend Micro's software product activation" (Filing No. 394, at 7).  Furthermore, "Prism never inspected the 9,500 source code documents" (*Id.*).

Prism replies that "source code documents are not a substitute for the technical documents requested in Prism's RFPs" (Filing No. 407, at 8).  Prism claims that the documents it is requesting "would describe at a higher-level and in plain English how Trend Micro's accused systems operate" (*Id.*).  Prism complains that as of the date of its reply, "Trend Micro has produced a mere 41 non-source-code documents, none of which is responsive to Prism RFP Nos. 5, 14, 17, 36, 41, and 44" (*Id.*).

\* \* \*

Prism generally claims that at the time it finalized its motion on November 10, 2011, some two and a half months after Prism's July 22, 2011, requests, the production of documents from the majority of the defendants was meager (Chart, Filing No. 360, at 9).  Since it filed the motion to compel, Prism acknowledges an improvement in compliance (Chart, Filing No. 407, at 7).  The Court recognizes that defendants have not been as forthcoming in their document production as they might have been, particularly prior to Prism's filing of this motion.  Consequently, the Court will grant Prism's motion to compel, as outlined below.

However, the Court notes that Prism filed its motion to compel against all eight defendants concerning the same six

requests for production.  The Court finds it surprising that there would be such uniformity in the lack of compliance with Prism's discovery requests.

As noted above, defendants offer varying responses to Prism's demands, depending on the documents each individual defendant has already produced.  Some defendants seem genuinely befuddled by Prism's motion.  Adobe: "Other than to assert that it is entitled to email, Prism has not articulated any deficiencies in Adobe's collection and production of documents with respect to the six RFPs at issue in Prism's motion" (Filing No. 394, at 15).  Autodesk: "In fact, the follow-up communications after the [meet and confer telephone call] show that the parties did not reach an impasse" (Filing No. 394, at 11).  Symantec: "[A]ll Prism alleges in its motion with respect to Symantec is that '[i]t is unclear whether Symantec has completed its production of technical documents.' (Mot. At 13).  Prism therefore admittedly filed its motion without even knowing whether it had a dispute as to the content of Symantec's production" (Filing No. 394, at 25-26).

Despite the submission of scores of pages of correspondence among the parties, the Court finds a noticeable lack of communication between Prism and defendants.  The Court urges Prism, in particular, as it complies with the order set out below, to be much more explicit about the exact nature of each

defendant's supposed deficiencies in its responses to Requests for Production 5, 14, 17, 36, 41, and 44.

**IV. Attorney Fees and Costs.**

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified . . . .

Fed. R. Civ. P. 37(a)(5)(A). The Court finds that defendants' nondisclosure was "substantially justified" under the circumstances. Thus, the Court will not award attorney fees and costs to Prism.

Defendants request costs and attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). Because Prism's motion to compel will be granted, defendants' request will be denied. Accordingly,

IT IS ORDERED: Prism's motion to compel (Filing No. 359) is granted, as follows:

-17-

1) Prism will have until January 6, 2012, to submit to each defendant a letter documenting the status of Requests for Production 5, 14, 17, 36, 41, and 44, addressing each request for production individually, with regard to that particular defendant.  Prism will file with the Court a certificate indicating its compliance with this requirement by January 6, 2012.

2) Prism will have until January 20, 2012, to meet and confer, in person or by telephone, with each defendant or defendant's counsel to discuss the contents of the January 6, 2012 letter regarding Requests for Production 5, 14, 17, 36, 41, and 44 and to come to a mutual understanding as to what Prism is requesting of each defendant.  Prism will file with the Court a certificate indicating its compliance with this requirement by January 20, 2012.

3) Defendants will have until February 3, 2012, to comply with such requests for production, to the extent that they have not already done so.  Each defendant will file with the Court a certificate indicating such compliance by February 3, 2012.

4) No attorney fees and costs are awarded.

DATED this 16th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court