**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **PRISM TECHNOLOGIES, LLC,** | ) | 8:10cv220 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **FINAL PROGRESSION ORDER** |
| | ) | |
| **ADOBE SYSTEMS INCORPORATED, AUTODESK, INC., MCAFEE, INC., NATIONAL INSTRUMENTS CORPORATION, SAGE SOFTWARE, INC., SYMANTEC CORPORATION, and TREND MICRO INCORPORATED,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff's Motion to Modify Final Progression Order to Extend Expert Report and Related Deadlines (Filing No. 480).

**IT IS ORDERED:**

1.   **Discovery Deadline.** All fact discovery,[1] whether or not intended to be used at trial, shall be completed by **April 30, 2012**.  All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order. Prism has until **May 14, 2012** as to discovery served on Adobe Systems Incorporated, Autodesk, Inc.,  McAfee, Inc.,  National Instruments Corporation, Sage Software, Inc. and Symantec Corporation.

---

[1] Disclosures and discovery with respect to experts will be separately addressed.

2. **Discovery and Disclosure of Expert Witnesses.** The parties shall exchange initial expert reports to those issues for which that party bears the burden of proof no later than **June 1, 2012.** The parties shall exchange rebuttal expert reports no later than **July 2, 2012.** Expert discovery shall be completed no later than **July 27, 2012**.

3. <u>**Pretrial Disclosures**</u>: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    A. <u>**Nonexpert Witnesses**</u> **- On or before July 13, 2012:** The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    B. <u>**Deposition Testimony and Discovery**</u> **- 5 days before final pretrial conference:** 1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NELR 16.2.

    C. <u>**Trial Exhibits**</u> **- 5 working days before final pretrial conference:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

    D. <u>**Waiver of Objections**</u>: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

    E. <u>**Filing of Disclosures**</u>: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. **Expert Witness Testimony.** Any motion challenging the qualifications of an expert or the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed not later than **thirty days after completion of expert discovery**, in the absence of which any objection based upon said rule shall be deemed waived. **See *Kumho Tire Co., Ltd. v. Carmichael*,** 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharmaceuticals***, 509 U.S. 579 (1993).

5. **Rule 104 Hearings.** Any pretrial motion which will require an evidentiary hearing pursuant to Fed. R. Evid. 104 shall be filed not later than five (5) working days following the deadline for the completion of depositions.

In addition, if the requested hearing involves a Daubert - Kumho question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(2)(2)(A)&(B) must be submitted to Judge Strom's chambers when the motion is filed.

**Absence of a request for a hearing may be deemed waiver of the right to a hearing.** A brief in support and all material regarding the requested hearing must be delivered to Judge Strom's chambers when the Rule 104 hearing motion is filed. Opposing parties are given ten (10) days thereafter to deliver briefs in opposition.

6. **All** motions for summary judgment shall be filed **on or before August 6, 2012**. **See** NELR 56.1 and 7.1.

7. **The Final Pretrial Conference** is set for **September 14, 2012** at **10:00 a.m.** before Magistrate Thomas D. Thalken, in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

8. All other provisions of parties joint planning conference report not addressed in this order shall be deemed submitted and adopted by the Court.

9. **Trial** is set to commence **at 9:00 a.m. on October 9, 2012,** in Omaha, Nebraska, before the Honorable Lyle E. Strom and a jury.

10. **Motions to Alter Dates.**  All requests for changes of date settings shall be directed to the undersigned judge by appropriate motion.

DATED this 28th day of February, 2012.

BY THE COURT:

s/ LYLE E. STROM
United States District Judge