IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,         )
                                 )
          Plaintiff,             )          8:10CV220
                                 )
     v.                          )
                                 )
ADOBE SYSTEMS, INCORPORATED;     )          MEMORANDUM AND ORDER
AUTODESK, INC.; McAFEE, INC.;    )
SYMANTEC CORPORATION;            )
and TREND MICRO INCORPORATED,    )
                                 )
          Defendants.            )
_____)

   Before the Court is the motion of plaintiff Prism Technologies, LLC ("Prism") to compel defendant Trend Micro Incorporated ("Trend Micro") to produce Rule 30(b)(6) witnesses, filed pursuant to Federal Rule of Civil Procedure 37(a), with accompanying brief and index of evidence (Filing Nos. 583, 584 and 585).  Trend Micro filed an opposing brief with index of evidence (Filing Nos. 613 and 614), and Prism filed a reply brief with index of evidence (Filing Nos. 663 and 664).  After reviewing the motion, briefs, evidence, and relevant law, the Court finds that the motion to compel will be granted.

   Prism is a Nebraska limited liability company, but has retained counsel in Northern California for the purposes of this action.  Trend Micro is a California corporation, with its principal place of business in Cupertino, California.  Trend Micro has also retained counsel in Northern California for the

purpose of this action. Trend Micro is a wholly owned subsidiary of a Japanese corporation of the same name.

On February 29, 2012, Prism served an amended Rule 30(b)(6) deposition notice on Trend Micro, including topics 1(c)-(e), 2(c)-(e), and 3 that "relate to the functioning and technical operation of Trend's accused infringing systems" in this patent case (Filing No. 583, at 1-2). Trend Micro has listed four potential witnesses for these topics, all of whom live in Taiwan, and only two of whom have the appropriate visas that would allow them to travel to the United States.

The parties disagree as to where the depositions on these topics should occur. Prism states that the depositions should occur in Northern California, at the principal place of business of Trend Micro. At issue in this case is possible patent infringement by Trend Micro. The source code associated with Trend Micro's products has been made available to Prism for inspection at the offices of Trend Micro's counsel in Northern California, near Trend Micro's principal place of business. The source code is contained in over 43,000 files and is subject to the Court's protective order. Prism maintains that having close access to all of the source code during the depositions would facilitate the interview of Trend Micro's witnesses. Moreover, Prism maintains that it would be more efficient for a few Trend Micro witnesses to travel from Taiwan to California, rather than

for both teams of lawyers to travel from California to Taiwan, carrying with them extensive documentation of the source code (to the extent possible while complying with the protective order).

Trend Micro disagrees. Trend Micro states that "the only Trend Micro employees who can meaningfully testify on the deposition topics at issue in this motion live and work in Taiwan, and those witnesses should be deposed there" (Filing No. 613, at 1). However, notably, Trend Micro does not claim that any of the topics at issue can only be addressed by one of the Trend Micro employees without visas. In addition to the expense and inconvenience of travel for the witnesses, Trend Micro states that its business would suffer due to their absence from Trend Micro's operations in Taiwan.

I. **"Meet and Confer" Requirement**.

United States District Court for the District of Nebraska local rule 7.0.1(i) requires that the party moving to compel discovery must "meet and confer" with the other party before filing a motion compelling discovery. Prism has documented its extensive efforts at resolving the present discovery dispute without Court intervention. The Court is appreciative of the parties' efforts to resolve this problem independently.

**II. Prism's Motion to Compel.**

Federal Rule of Civil Procedure 30(b)(6) states,

> In its [deposition] notice [directed to an organization], . . . a party may name as the deponent a public . . . corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6). In the event of noncompliance with a discovery request, such as a Rule 30(b)(6) deposition notice, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting production bears the burden of establishing . . . undue burden." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.* 198 F.R.D. 508, 511 (N.D. Iowa 2000).

"It is well settled that the district court has great discretion in designating the location of taking a deposition . . . ." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975). Generally, a Rule 30(b)(6) deposition is taken at the corporation's principal place of business. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2010). "This customary treatment is subject to modification, however, when justice requires." *Id.*

-4-

The Court is sympathetic to the inconvenience and expense that any Taiwanese deponents, and Trend Micro itself, might incur as a result of traveling to the United States for the depositions. Nevertheless, on balance, Trend Micro has not established that having its Rule 30(b)(6) witnesses appear at the site of its own principal place of business in California is an undue burden to the extent that the Court would depart from the general rule. Therefore, the Court will order that the depositions regarding the topics at issue in this motion will take place in California. To the extent that this order is in conflict with the amended progression order dated February 28, 2012 (Filing No. 482), this order supersedes the amended progression order. Accordingly,

IT IS ORDERED that Prism's motion to compel (Filing No. 583) is granted, as follows:

1) Trend Micro will have until May 22, 2012, to specifically designate the witnesses who will testify on its behalf as to topics 1(c)-(e), 2(c)-(e), and 3, and to set out the matters on which each person designated will testify.

2) Prism and Trend Micro will have until May 31, 2012, to meet and confer, in person or by telephone, to identify the date and time of the Rule 30(b)(6) depositions.

3) The Rule 30(b)(6) depositions will take place at the principal place of business of Trend Micro, in the state of California, on or before June 29, 2012.

DATED this 15th day of May, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court