IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV220 |
| | ) | |
| v. | ) | |
| | ) | |
| ADOBE SYSTEMS, INCORPORATED; | ) | MEMORANDUM AND ORDER |
| AUTODESK, INC.; McAFEE, INC.; | ) | |
| SYMANTEC CORPORATION; | ) | |
| and TREND MICRO INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of plaintiff Prism Technologies, LLC ("Prism") for leave to file an amended complaint, filed pursuant to Federal Rule of Civil Procedure 15(a)(2), with accompanying brief and indices of evidence (Filing Nos. 656, 657, 659, and 660). The proposed amended complaint includes an additional allegation of willful patent infringement by defendant Symantec Corporation ("Symantec") only. Symantec filed a brief opposing the motion with indices of evidence (Filing Nos. 691, 692, and 693), and Prism filed a reply brief with index of evidence (Filing Nos. 718 and 719). The Court finds that Prism's motion for leave to file an amended complaint should be granted.

Prism filed its original complaint in this case on June 8, 2010, alleging infringement of its patent, U.S. Patent No.

7,290,288 ("'288 patent") (Filing No. 1). In preparation for a deposition of a Symantec Rule 30(b)(6) witness, Brook Lewis, Prism discovered that "Mr. Lewis was listed as a co-inventor on U.S. Patent Application No. 10/937,893 ('the '893 application'), filed with the [United States Patent and Trademark Office ('PTO')] in 2004" (Filing No. 659, at 6). "Prism also discovered in those patent filings that in January 2008, two-and-a-half years prior to the filing of the present action, the PTO issued an Office Action rejecting claims of this patent application as obvious in light of Prism's '288 patent" (*Id.*).

Subsequent to this discovery, during Mr. Lewis' deposition on April 23, 2012, "Mr. Lewis confirmed that he was indeed the named co-inventor on the '893 application, and that he submitted this patent application in 2004 while employed at another company called Xtreamlok" (*Id.*). "Mr. Lewis further testified that Xtreamlok was acquired by Symantec in 2005, at which point he became an employee of Symantec, and Symantec took over prosecution of his patent application" (*Id.*).

Prism concludes that Symantec was aware of the '288 Patent as early as January 2008. However, in response to Prism's relevant discovery requests, Symantec never disclosed that it had any knowledge of the '288 Patent prior to the filing of the complaint in this action in June 2010. Prism claims that Symantec continued to infringe on the '288 Patent despite knowing

-2-

of its existence and "in reckless disregard of Prism's patent rights" (Filing No. 656, at 1). Therefore, Prism wants to add a paragraph in an amended complaint detailing what it sees as willful infringement of the '288 Patent by Symantec, along with two paragraphs regarding willfulness and damages (*Id.* at 2).

Symantec, for its part, explains that the prosecution of the '893 application was handled exclusively by outside counsel, Fenwick and West, and that Symantec was not aware of the details of the prosecution of its patent, including the existence of Prism's '288 Patent (Filing No. 692, at 3-5). Symantec maintains that Prism's "bare allegations of pre-suit knowledge of the '288 Patent" cannot establish willful infringement, and so the amendment to the complaint would be an exercise in futility (*Id.* at 9). In addition, Symantec maintains that because Prism's theories of infringement are "ever-changing," "Symantec's mere notice as part of an Office Action received from the Patent Office cannot constitute 'willful infringement'" (*Id.* at 12, 14).

If a party seeks to amend a pleading before trial but after 21 days of serving the pleading, the party may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "There is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908 (8th Cir.

1999). "A denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker,* 191 F.3d at 908.

However, "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

In *Sherman*, the defendant's motion to amend its answer to add an affirmative defense was made "seventeen months after the established deadline for amending pleadings." *Sherman*, 532 F.3d at 716. Thus, "the district court was required to apply Rule 16(b)'s good-cause standard in ruling on [defendant's] motion." *Id.* Rule 16(b)(4) states, "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). The Eighth Circuit went on to say, "The interplay between Rule 15(a) and Rule 16(b) is settled in this

circuit. In *Popoalii*, we stated that '[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'" *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)(emphasis added)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006).

In this case, the parties agreed in their report of parties' planning conference that "Plaintiff may amend its pleadings to add or modify claims and/or to allege (or add further facts in support of) willfulness allegations, without leave of court, by June 21, 2011" (Filing No. 155, at 8). The first Final Progression Order, issued after that date on July 22, 2011, adopted the provisions of the parties' joint planning conference report not otherwise addressed in the progression order (Filing No. 199, at 4). Therefore, the Court will analyze the motion using the Rule 16(b)(4) standard.

Although the request for amending the complaint comes almost twenty-three months after the original complaint was filed, and five months before trial, the Court finds that Prism has shown good cause in filing its motion to amend. The Court finds that Prism did not have all the information it needed to be able to justify a motion to amend until the date of Mr. Lewis'

-5-

deposition on April 23, 2012.  Prism filed its motion to amend less than two weeks later.  While the willfulness allegation is not certain to succeed, the Court finds that it is not clearly frivolous, nor apparently futile.  Accordingly,

IT IS ORDERED that Prism's motion for leave to file amended complaint (Filing No. 656) is granted.  Prism shall file its amended complaint by July 10, 2012.

DATED this 3rd day of July, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court