IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES, LLC,      )<br>                              )<br>          Plaintiff,        )<br>                              )<br>     v.                       )<br>                              )<br>ADOBE SYSTEMS, INCORPORATED;  )<br>AUTODESK, INC.; McAFEE, INC.; )<br>SYMANTEC CORPORATION;         )<br>and TREND MICRO INCORPORATED, )<br>                              )<br>          Defendants.        )<br>_____) | 8:10CV220<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the motion of plaintiff Prism Technologies, LLC ("Prism"), to amend the November 22, 2011, protective order previously filed in this case (Filing No. 762, with accompanying brief and indices of evidence, Filing Nos. 763, 764, and 765). Defendants Adobe Systems, Incorporated ("Adobe") and Autodesk, Inc. ("Autodesk") filed a joint opposing brief with indices of evidence (Filing Nos. 795, 796, 798, and 815). Defendants McAfee, Inc. ("McAfee"), Symantec Corporation ("Symantec") and Trend Micro Incorporated ("Trend") also filed a joint opposing brief with indices of evidence (Filing Nos. 799, 800, and 802). Prism filed a joint reply brief with indices of evidence (Filing Nos. 823, 824, and 826). After review of the motion, briefs, evidence, and relevant law, the Court finds that the motion to amend the protective order will be denied.

Also before the Court are motions by Defendants McAfee, Symantec, and Trend to strike Prism's initial expert report regarding damages as served on each defendant, with briefs and indices of evidence (McAfee, Filing Nos. 770, 772, 773, and 774, to which Prism responded, Filing Nos. 809 and 810; Symantec, Filing Nos. 775, 777, 778, and 779, to which Prism responded, Filing Nos. 803, 804, and 806; and Trend, Filing Nos. 785, 787, 788, and 789, to which Prism responded, Filing Nos. 807 and 808). McAfee, Symantec, and Trend replied jointly (Filing Nos. 820, 821, and 822). After review of the motions, briefs, evidence, and relevant law, the Court finds that the motions to strike will be granted.

**I.  Prism's Motion to Amend Protective Order**.

The parties entered into a protective order on November 22, 2011 (Filing No. 390). Paragraph 28 of the protective order reads,

> 28.  This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate.  Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

(*Id.*, at 18). Pursuant to paragraph 28, Prism seeks to modify two paragraphs in the protective order.

Paragraph 8(c) of the protective order, together with paragraph 8, states,

> 8. "*Highly Confidential – Attorneys' Eyes Only" Material.* Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party or further court order: . . . (c) Outside experts, consultants, and indemnitors of the Receiving Party who have been pre-approved in accordance with Paragraph 13, and their support staff and clerical employees assisting in the litigation; except that any indemnitor, outside expert or consultant retained by a defendant shall not have access to any co-defendants' "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" material without prior written consent of the Producing Party;

(*Id.*, at 4). Prism wants to change this paragraph "by removing the phrase 'outside expert or consultant' from the third line of Paragraph 8(c)" (Filing No. 762, at 1).

Paragraph 33 of the protective order, titled "Disposition of Protected Materials," states,

> 33. Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action (whichever is earlier for a particular party), each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any

-3-

> other form of reproducing or capturing of any Protected Material, and all printed or duplicated source code material and all notes or other materials derived therefrom, as described in paragraph 9(b).  Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials.  The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Protective Order.

(Filing No. 390, at 19-20).  Prism requests that the Court issue an order "to permit information produced by any of the remaining parties to this litigation and relied upon by an expert to be used by the Receiving Party through final disposition of the case" (Filing No. 762, at 1).  All five defendants object to the proposed modifications to the protective order.

Quite simply, the Court finds that Prism has not shown good cause for why Prism should now be allowed unilateral modification to the protective order simply because two of its requirements have become inconvenient for Prism.  The Court notes that Prism could have sued (and would now likely be required to sue) each defendant in a separate action, which would have obviated the present problem altogether.  The motion to amend protective order is denied.

## II.  **McAfee's, Symantec's, and Trend's Motions to Strike**.

Prism has separately served McAfee, Symantec, and Trend with Prism's initial expert report as to damages for each defendant, prepared by Prism's expert, Wayne Hoeberlein.  Prism's expert report for each of these three defendants relies on "highly confidential" information, as defined by the protective order, of all five of the remaining co-defendants.  The receiving defendant's own damages experts cannot survey or make use of this information from the other co-defendants pursuant to paragraph 8(c) of the protective order.

Thus, McAfee, Symantec, and Trend each move the Court for an order "requiring Prism to serve a new expert report that does not rely upon information of [each defendant's] co-Defendants that was not identified or produced to [that defendant] during fact discovery as being relevant to Prism's damages case against [that defendant], including information that

-5-

[that defendant's] co-Defendants have designated 'Highly Confidential – Attorney's Eyes Only' pursuant to the Protective Order ('Undisclosed Information')" (Filing Nos. 770, 775, and 785, at 1). McAfee and Symantec each state, "In its July 2, 2012 Order (Doc. 758), the Court recognized that the protective order to which Plaintiff had stipulated (Doc. 390) prohibited [that defendant's] expert from reviewing the Undisclosed Information even though Mr. Hoeberlein referred to and relied upon the Undisclosed Information in making his report" (Filing Nos. 770 and 775, at 2). In addition, "The [d]efendants who designated the Undisclosed Information "Highly Confidential – Attorney's Eyes Only" do not consent to its being made available to [that defendant], making revision of the Protective Order impossible" (Filing Nos. 770 and 775, at 3). "Even if the other [d]efendants did agree that [that defendant] and its expert could review the Undisclosed Information, it is far too late for [that defendant] to respond effectively to it" (*Id.*).

Trend states that it "has been denied access to the full scope of the Undisclosed Information and the ability to seek further information or discovery from its co-Defendants about the Undisclosed Information" (Filing No. 785, at 3). McAfee, Symantec, and Trend each state, "The only effective way to cure this prejudice . . . is for Prism to serve an expert report that

-6-

does not rely on the Undisclosed Information" (Filing Nos. 770, 775, and 785, at 3).

The Court has previously found that it is inherently unreasonable to allow Prism's expert access to information that defendants' experts cannot access (Filing No. 758). Accordingly, the motions to strike will be granted.[1] Accordingly,

IT IS ORDERED:

1) Prism's motion to amend protective order (Filing No. 762) is denied;

2) McAfee's motion to strike damages expert report (Filing No. 770) is granted. Prism shall produce a new expert report as to McAfee in compliance with the November 22, 2011, protective order by August 9, 2012. McAfee shall serve a responsive report by August 30, 2012;

3) Symantec's motion to strike Prism's expert report on damages (Filing No. 775) is granted. Prism shall produce a new expert report as to Symantec in compliance with the November 22, 2011, protective order by August 9, 2012; Symantec shall serve a responsive report by August 30, 2012; and

4) Trend's motion to strike Prism's damages expert report (Filing No. 785) is granted. Prism shall produce a new

---

[1] McAfee, Symantec, and Trend also argue that Prism's initial expert reports on damages should be stricken because of discovery rule violations by Prism. Because the Court will strike the reports in connection with the November 22, 2011, protective order, the Court does not reach any decision on the discovery rule violations issue.

expert report as to Trend in compliance with the November 22, 2011, protective order by August 9, 2012.  Trend shall serve a responsive report by August 30, 2012.

       DATED this 26th day of July, 2012.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court