IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES LLC,

    Plaintiff,

v.

ADOBE SYSTEMS INCORPORATED, et al.,
    Defendants.

Case No. 8:10-CV-220-LES–TDT

**JURY TRIAL REQUESTED**

**DEFENDANT MCAFEE, INC.'S ANSWER AND COUNTERCLAIM TO
PRISM'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

    Defendant McAfee, Inc. ("McAfee") files this Answer, Affirmative Defenses, and Counterclaim to Prism Technologies, LLC's ("Prism") First Amended Complaint for Patent Infringement ("Complaint"). McAfee denies the allegations and characterizations in Prism's Complaint unless expressly admitted in the following paragraphs:

**THE PARTIES**

    1.    McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

    2.    Paragraph 2 does not require a response by McAfee. To the extent that Paragraph 2 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

    3.    Paragraph 3 does not require a response by McAfee. To the extent that Paragraph 3 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

    4.    McAfee admits that it is a corporation organized and existing under the

8:10-cv-00220-LES-TDT Doc # 835 Filed: 07/30/12 Page 2 of 9 - Page ID # 15191

laws of the State of Delaware, with its principal place of business at 3965 Freedom Circle, Santa Clara, California 95054. McAfee admits that C T Corporation System, 818 West Seventh St., Los Angeles CA 90017 is a registered agent for service of process for McAfee. McAfee denies the remaining allegations of Paragraph 4.

5. Paragraph 5 does not require a response by McAfee. To the extent that Paragraph 5 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response by McAfee. To the extent that Paragraph 6 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

**JURISDICTION AND VENUE**

7. McAfee admits that this action arises under the patent laws of the United States, Title 35, United States Code. McAfee admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), inasmuch as the Complaint purports to state claims for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 et seq., but denies any wrongdoing or infringement.

8. The allegations set forth in Paragraph 8 are conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent Paragraph 8 contains any factual allegations directed to McAfee, they are denied as McAfee has committed no acts of infringement within this judicial district or elsewhere. McAfee lacks knowledge sufficient to confirm or deny the allegations in Paragraph 8 against other Defendants and therefore denies the same.

9. McAfee admits that it has transacted business in this district but denies

DEFENDANT MCAFEE, INC.'S
ANSWER TO PRISM'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT – Page 2

that it has committed and/or induced and/or contributed to acts of patent infringement in this district (or elsewhere), and denies that this action should proceed against McAfee in this district. McAfee lacks knowledge sufficient to confirm or deny the allegations in Paragraph 9 against other Defendants and therefore denies the same.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 7,290,288

10. McAfee incorporates by reference its responses set forth in Paragraphs 1 through 9 above as if fully set forth herein.

11. McAfee admits that a photocopy of what purports to be United States Patent No. 7,290,288 ("the '288 patent") is attached to the Complaint as Exhibit A but McAfee lacks knowledge sufficient to confirm or deny that it is a true and correct copy. McAfee admits that on its face, Exhibit A is entitled METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK. McAfee denies that Exhibit A was duly and legally issued by the United States Patent and Trademark Office. McAfee admits that a photocopy of what purports to be a Certificate of Correction is attached to the Complaint as Exhibit B but McAfee lacks knowledge sufficient to confirm or deny that it is a true and correct copy. McAfee denies that Exhibit B was duly and legally issued by the United States Patent and Trademark Office.

12. McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

13. Paragraph 13 does not require a response by McAfee. To the extent that Paragraph 13 is deemed to require a response, McAfee lacks knowledge sufficient to confirm

or deny the allegations of Paragraph 13 and therefore denies the same.

14. Paragraph 14 does not require a response by McAfee. To the extent that Paragraph 14 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. McAfee denies the allegations of Paragraph 15.

16. Paragraph 16 does not require a response by McAfee. To the extent that Paragraph 16 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by McAfee. To the extent that Paragraph 17 is deemed to require a response, McAfee lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. McAfee denies the allegations of Paragraph 18 against McAfee. McAfee lacks knowledge sufficient to confirm or deny the allegations in Paragraph 18 against the other Defendants and therefore denies the same.

19. McAfee denies the allegations of Paragraph 19 against McAfee. McAfee lacks knowledge sufficient to confirm or deny the allegations in Paragraph 19 against the other Defendants and therefore denies the same.

## RESPONSE TO PRAYER FOR RELIEF

20. McAfee requests that the Court deny the relief requested by Prism in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

21. Prism's request for a jury trial does not require a response by McAfee.

## AFFIRMATIVE DEFENSES

McAfee's Affirmative Defenses are listed below.  McAfee reserves the right to amend its Answer to add additional Affirmative Defenses, including inequitable conduct defenses, consistent with the facts discovered in the case.

### FIRST DEFENSE

22.   McAfee does not and has not infringed any valid and enforceable claim of the '288 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

### SECOND DEFENSE

23.   The '288 patent is invalid because the alleged inventions fail to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE

24.   To the extent that Prism asserts that McAfee indirectly infringes, McAfee is not liable to Prism for the acts alleged to have been performed before McAfee knew that its actions would cause the alleged indirect infringement (which McAfee denies).

### FOURTH DEFENSE

25.   Prism's claims against McAfee are improperly joined with those against the other Defendants to this action within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

### FIFTH DEFENSE

26. Prism's Complaint fails to state any claim against McAfee on which relief can be granted.

## SIXTH DEFENSE

27. Prism's claims are barred by the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE

28. Prism, at a minimum, is not entitled to pre-suit damages due to its failure to comply with 35 U.S.C. § 287 or otherwise establish a basis for such damages.

## EIGHTH DEFENSE

29. Prism's remedies are limited under 28 U.S.C. § 1498

WHEREFORE, McAfee denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '288 patent identified in the Complaint, and further denies that Prism is entitled to any judgment against McAfee whatsoever. McAfee asks that Prism's Complaint be dismissed with prejudice, that judgment be entered for McAfee, and that McAfee be awarded attorneys' fees incurred in defending against Prism's Complaint, together with such other relief the Court deems appropriate. McAfee reserves the right to seek severance, dismissal and/or transfer based on improper joinder and inconvenient venue as alleged above.

## COUNTERCLAIMS

For its counterclaims against Prism, Counter-Plaintiff McAfee alleges as follows:

1. This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201.

2. McAfee is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3965 Freedom Circle, Santa Clara, California 95054.

3. Prism alleges that it is a limited liability company organized and existing under the laws of the State of Nebraska, with its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

4. By its Complaint, Prism purports to assert claims against McAfee for infringement of the '288 patent.

5. McAfee denies Prism's claims of infringement of the '288 patent.

6. An actual controversy has arisen and now exists between McAfee and Prism as to the non-infringement of the '288 patent and the invalidity of the '288 patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '288 Patent)

7. McAfee restates and incorporates by reference each of the allegations of its Counterclaims in Paragraphs 1-6.

8. Prism claims to be the owner by assignment of all legal rights, title and interests in the '288 patent.

9. Prism in this action asserts, in Paragraph 16 of its Complaint, that McAfee "has been and now is directly and jointly infringing the '288 patent in the State of Nebraska, in this judicial district, and elsewhere in the United States, by making, using, offering to sell, and/or selling authentication systems and methods for controlling access to protected computer resources associated with various McAfee software products (including, without limitation, AntiVirus Plus products)."

10. McAfee denies Prism's claims of infringement.

11. An actual controversy has arisen between McAfee and Prism concerning infringement of the '288 patent.

12. McAfee is entitled to judgment from this Court finding that the '288 patent is not infringed by any McAfee product or service, and that this is an exceptional case entitling McAfee to recover its attorneys' fees incurred in defending against this action.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '288 Patent)

13. McAfee restates and incorporates by reference each of the allegations of its Counterclaims in Paragraphs 1-12.

14. An actual controversy has arisen between McAfee and Prism concerning the validity of the '288 patent.

15. McAfee denies that the '288 patent is valid and asserts that the '288 patent is invalid for failure to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, and 112.

16. McAfee is entitled to judgment from this Court finding that the '288 patent is invalid.

## PRAYER

McAfee respectfully requests that judgment be entered as follows in favor of McAfee and against Prism:

A. That McAfee does not infringe the '288 patent

B. That the '288 patent is invalid;

C. That the '288 patent is unenforceable against McAfee;

D. That Prism take nothing by its Complaint;

E. That this case be declared exceptional under 35 U.S.C. § 285;

      F.      That McAfee be awarded its costs and attorneys' fees incurred in this action under 35 U.S.C. § 285 or otherwise; and

      G.      Awarding such further relief as the Court may deem just and proper.

## JURY DEMAND

McAfee hereby demands trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: July 30, 2012

    /s/ Matt Rodgers
Danny L. Williams
Lead Attorney
Texas State Bar No. 21518050
Ruben S. Bains
Texas State Bar No. 24001678
Matthew R. Rodgers
Texas State Bar No 24041802
**WILLIAMS, MORGAN & AMERSON**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
Email: rbains@wmalaw.com
Email:mrodgers@wmalaw.com

**ATTORNEYS FOR DEFENDANT MCAFEE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 30, 2012 to counsel of record via the Court's CM/ECF system and via regular U.S. Mail postage prepaid.

/s/Riny Pieternelle
Litigation Paralegal