IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,        )
                                )
              Plaintiff,        )         8:10CV220
                                )
      v.                        )
                                )
McAFEE, INC.; SYMANTEC          )         ORDER
CORPORATION; and TREND MICRO    )
INCORPORATED,                   )
                                )
              Defendants.       )
_____)
```

This matter is before the Court on defendants' expedited motion to continue trial, reopen discovery, and compel production of improperly withheld documents (Filing No. 884, with brief and indices of evidence, Filing Nos. 889, 887, and 888). Plaintiff Prism Technologies, LLC ("Prism") filed a brief in opposition (Filing No. 896, with index of evidence, Filing No. 895), to which defendants replied (Filing No. 915, with index of evidence, Filing No. 916). On September 11, 2012, the Court held a telephonic conference with the parties, and on September 14, 2012, the Court heard oral argument on the motion. After review of the motion, briefs, submitted evidence, oral argument, and relevant law, the Court will grant defendants' motion in part.

Defendants also filed a motion for leave to file a supplemental reply brief in support of their motion to continue trial (Filing No. 949, with index of evidence, Filing No. 951). The Court will deny the motion as moot.

**I. Motion to Continue Trial.**

Trial for this case is currently set to begin on October 9, 2012 (Amended Final Progression Order, Filing No. 482, at 3). Defendants move the Court to modify the amended final progression order to continue the trial until late January 2013 or soon thereafter (Filing No. 884, at 1).

In support of this request, defendants claim, "Without justification for doing so, Prism improperly withheld highly relevant documents, responsive to numerous document requests served in July 2011, for the entire fact discovery period" (Filing No. 889, at 6). At a minimum, the Court agrees with defendants that Prism improperly redacted the April 2010 deposition transcript of Jerry Korth and that Prism's delay in producing the mostly unredacted version in August 2012 prejudiced defendants in their discovery efforts. The Court will continue the trial until January 2013.

**II. Motion to Compel Production.**

"[T]he attorney-client privilege attaches when the communication in question is made: '(1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship.'" *Harris v. D. Scott Carruthers & Assoc.*, 8:09CV154, 2010 WL 610978 at *2 (D. Neb. Feb. 18, 2010) (quoting *United States v. BDO Seidman, LLP* (BDO Seidman II), 492 F.3d 806,

815 (7th Cir. 2007)). In addition, Federal Rule of Civil Procedure 26 provides, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3). "But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*

Defendants seek to compel production of the following: (1) the remaining two redacted paragraphs from the April 2010 Korth deposition transcript; (2) Exhibits 1, 9, 12, and 13 to the April 2010 Korth deposition; and (3) sixty other documents that Prism claims to be privileged (Entries 1, 2, 4, 140, 148, 149, 155, 160, 165, 167, 176, 186-210, 222-232, 238, 250-251, 254, 256-263, and 342 from Prism's Second Amended Privilege Log). The Court has conducted an *in camera* review of these materials and rules as follows.

First, the remaining redacted paragraphs on pages 76 and 77 of the April 2010 Korth deposition transcript and Exhibits 9, 12, and 13 thereto are not privileged and will be produced.

Second, Exhibit 1 to the April 2010 Korth deposition is protected by the attorney-client privilege.

Finally, the Court finds that entries 1, 2, 4, 140, 148, 149, 155, 160, 165, 167, 176, 186-210, 222-232, 238, 250-251, 254, 256-263, and 342 from Prism's Second Amended Privilege Log were created "in anticipation of litigation." Because the Court also finds that defendants have not proven that they have a "substantial need for the materials to prepare [their] case," those sixty entries will remain privileged.

### III. Motion to Reopen Discovery.

Defendants seek to modify the amended final progression order to allow for additional discovery. "To be clear, the Defendants are not seeking to reopen discovery on all issues in the case. Instead, the Defendants seek to reopen discovery only on issues reasonably related to the late-produced documents" (Filing No. 889, at 22-23). "Defendants ask only to be able [to] take the discovery they would have taken if the documents Prism produced two weeks ago had been properly produced during the fact discovery period" (*Id.* at 23).

Because the Court finds that defendants have been prejudiced due to Prism's delayed production, the Court will allow defendants to conduct additional discovery, but only as to issues related to the following: (1) the now unredacted portions of the April 2010 Korth deposition transcript, including the portions unredacted in August 2012 and the last two paragraphs ordered to be unredacted above; (2) the nine documents produced

-4-

by Prism in August 2012;[1] and (3) Exhibits 9, 12, and 13 to the April 2010 Korth deposition.  Accordingly,

IT IS ORDERED that defendants' motion (Filing No. 884) is granted in part, and the amended final progression order (Filing No. 482) is amended as follows:

1) On or before September 18, 2012, Prism will produce to defendants a fully unredacted copy of the April 2010 Korth deposition transcript, along with Exhibits 9, 12, and 13 thereto;

2) Defendants may conduct one half-day deposition of each of the following Prism employees:  Greg Duman, Rick Gregg, and Jerry Korth.  Such depositions will be completed by October 23, 2012.  In addition, defendants may conduct a full-day deposition of one relevant third party, also to be completed by October 23, 2012.  Defendants may also demand additional production of documents from Prism on or before October 23, 2012.  The issues covered in the depositions and any additional documents that defendants demand Prism to produce shall be limited in scope as described above;

3) The motions for summary judgment currently before the Court will not be considered at this time.  If any party chooses to do so, it may submit a "Supplemental Brief" in further support of its motion for summary judgment on or before November

---

[1] Exhibits 7, 8, 10, and 11 to the January 2006 Korth deposition, Exhibits 5, 6, 7, and 8 to the April 2010 Korth deposition, and the additional July 2, 2007, email chain.

13, 2012.  If a supplemental brief is filed, the opposing party may file a "Supplemental Reply Brief" on or before November 20, 2012.  The Court will consider the motions to be fully briefed as of November 20, 2012.  If the Court deems it necessary to hear oral argument on the motions, the Court will so inform the parties.

   4) Trial in this matter is set for

     **Monday, January 14, 2013 at 9 a.m.**

**Courtroom No. 1, Fourth Floor**, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

   5) If the parties desire to have another pretrial conference, they shall advise the Court on or before December 21, 2012.

   6) Defendants' motion for leave to file a supplemental reply brief (Filing No. 949) is denied as moot.

   DATED this 17th day of September, 2012.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court