IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,        )
                                )
            Plaintiff,          )        8:10CV220
                                )
        v.                      )
                                )        MEMORANDUM AND ORDER
McAFEE, INC.;                   )
SYMANTEC CORPORATION;           )
and TREND MICRO INCORPORATED,   )
                                )
            Defendants.         )
_____ )


          This matter is before the Court on the motion of

plaintiff Prism Technologies, LLC ("Prism") for leave to file a

second amended complaint, filed pursuant to Federal Rule of Civil

Procedure 15(a), with accompanying brief and indices of evidence

(Filing Nos. 960, 961, 962, and 964).  Defendants McAfee, Inc.

("McAfee"), Symantec Corporation ("Symantec"), and Trend Micro

Incorporated ("Trend Micro") filed a brief opposing the motion

with indices of evidence (Filing Nos. 1009, 1010, and 1012), and

Prism filed a reply brief with index of evidence (Filing Nos.

1046 and 1047).  The Court finds that Prism's motion for leave to

file a second amended complaint should be granted.

## I.  Legal Standard for Amendment of Pleadings.

          If a party seeks to amend a pleading before trial but

after 21 days of serving the pleading, the party may amend "only

with the opposing party's written consent or the court's leave.

The court should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2).  "A denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999).

"A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).  In *Sherman*, the defendant's motion to amend its answer to add an affirmative defense was made "seventeen months after the established deadline for amending pleadings." *Sherman*, 532 F.3d at 716.  Thus, "the district court was required to apply Rule 16(b)'s good-cause standard in ruling on [defendant's] motion." *Id.*  Rule 16(b)(4) states, "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).  The Eighth Circuit went on to say, "The interplay between Rule 15(a) and

Rule 16(b) is settled in this circuit.  In *Popoalii*, we stated that '[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'"  *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)(emphasis added)).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

**II.  Background**.

Prism filed its original complaint in this case on June 8, 2010, alleging direct and joint infringement of its patent, U.S. Patent No. 7,290,288 (Filing No. 1).  Prism filed an amended complaint, with an additional allegation of willful infringement against defendant Symantec only, on July 10, 2012 (Filing No. 790).  Trial is set to begin on January 14, 2013.  As with Prism's first motion to amend its complaint, the Court will analyze this motion using the Rule 16(b)(4) standard.

This second request for amending the complaint comes more than two years after the original complaint was filed, and less than four months before the rescheduled trial date.  Nevertheless, Prism claims that it has good cause for amending the complaint at this late date.  First, Prism wants to add "new allegations that Defendants have induced infringement of method

-3-

claims 87, 88, 93, 103, 110, 111, and 186 of the patent-in-suit .
. .” (Filing No. 960, at 2).  Prism claims that the recent
Federal Circuit decision in *Akamai Technologies, Inc. v.
Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) “changed
the elements of proof for induced infringement of method claims,”
such that “Prism now has a new legal basis for alleging induced
infringement of these method claims that was previously
unavailable to Prism under the old law” (Filing No. 960, at 2).[1]

Second, Prism “seeks to amend the Complaint to provide
further detail regarding its allegation of induced infringement
against Defendants for system claim 187 of the patent-in-suit”
(Filing No. 960, at 2).  Prism claims that it “disclosed its
contentions regarding Defendants’ inducement of infringement for
claim 187 during discovery, but Defendants have argued that Prism
cannot assert this allegation at trial unless it is properly
pleaded in Prism’s Complaint” (*Id.*).  Prism concedes that its
delay in alleging induced infringement as to claim 187 in its
complaint is a “pleading error” (Filing No. 929, at 43) but
claims that the proposed amended complaint will not prejudice
defendants because Prism does not need any additional discovery
to support its amended claims (Filing No. 961, at 6).  In

---

[1] In *Akamai*, the Federal Circuit overruled previous
precedent and held that “all the steps of a claimed method must
be performed in order to find induced infringement, but that it
is not necessary to prove that all the steps were committed by a
single entity.”  *Akamai*, 692 F.3d at 1306.

addition, Prism avers that there is no unfair surprise to
defendants, because Prism had "previously disclosed in discovery
and in expert reports its contention that Defendants induce
infringement by providing instructions and assistance to their
customers regarding software activation" (*Id.*).  Prism emphasizes
the fact that even though the original complaint did not include
a claim of induced infringement, each of the defendants denied
induced infringement in affirmative defenses included in their
answers to the original complaint (Filing Nos. 131, 107, and 121)
and to the first amended complaint (Filing Nos. 835, 834, and
833).  Therefore, "Prism requests leave to amend the Complaint to
conform the pleadings in this case with Prism's previously-
disclosed infringement contentions" (Filing No. 960, at 2).

        The parties dispute some of the details regarding
Prism's disclosure during discovery of its intention to allege
induced infringement.  In addition, while Prism claims that
defendants' expert rebuttal reports address induced infringement
allegations, defendants state that their experts "did not address
any issues specific to inducement.  Rather, Defendants' experts
addressed only those theories of infringement alleged in the
Amended Complaint, i.e., direct infringement and joint
infringement" (Filing No. 1009, at 6).  The Court finds that
while McAfee's and Symantec's expert rebuttal reports did not
address induced infringement in detail, each of the three expert

-5-

rebuttal reports did deny indirect infringement, of which induced infringement is a subset, and Trend Micro's expert specifically addressed induced infringement.  *See* Ex. 11, Filing No. 962; Ex. 5, Filing No. 964; and Ex. 4, Filing No. 964[2].  Defendants did not move to dismiss the previous complaint or amended complaint at the time they were filed due to deficiencies in pleading induced infringement.  Instead, Trend Micro raised the issue in a motion for summary judgment and all defendants raised the issue in a motion in limine, both filed in the last few months (Filing Nos. 849 and 902).

**III.  Discussion**.

      **A.  Futility of Amendment**.  Defendants claim that Prism's proposed amendment would be futile because the proposed amended complaint would not withstand a motion to dismiss under Rule 12(b)(6).  Defendants claim that induced infringement requires Prism to prove that defendants each acted with specific intent to induce, that the proposed amended complaint does not adequately plead such specific intent, and that defendants are incapable of intending to induce infringement since each defendant claims that none of its products infringe under any circumstances.

---

[2] Neither Prism's expert's reports nor defendants' experts' rebuttal reports analyze induced infringement of the method claims in the context of the new *Akamai* decision.

Direct infringement under 35 U.S.C. § 271(a) is a strict liability tort.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  In contrast, induced infringement under 35 U.S.C. § 271(b) includes a scienter component:  "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  As described by the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011), the statute is "ambiguous:"  "In referring to a party that 'induces infringement,' this provision may require merely that the inducer lead another to engage in conduct that happens to amount to infringement, i.e., the making, using, offering to sell, selling, or importing of a patented invention." *Id.*  "On the other hand, the reference to a party that 'induces infringement' may also be read to mean that the inducer must persuade another to engage in conduct that the inducer knows is infringement.  Both readings are possible." *Id.*  The Supreme Court resolved the issue by stating, "[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Id.* at 2068.

"'Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.'" *Bose Corp. v. SDI Techs. Imation Corp.*, CIV.A. 09-11439-WGY, 2012 WL 2862057, at *9 (D. Mass. July

-7-

10, 2012) (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)).  "'Intent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice.'"  *Id.*

"On the other hand, inducement does not require that the induced party be an agent of the inducer or be acting under the inducer's direction or control to such an extent that the act of the induced party can be attributed to the inducer as a direct infringer." *Akamai*, 692 F.3d at 1308.  "It is enough that the inducer 'cause[s], urge[s], encourage[s], or aid[s]' the infringing conduct and that the induced conduct is carried out." *Id.* (quoting *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1379 n.13 (Fed. Cir. 2011)).

Prism's proposed amended complaint contains a similar new paragraph for each defendant, for example, for McAfee:

> Defendant McAfee also has been and now is inducing its customers' infringement of the '288 Patent in the State of Nebraska, in this judicial district, and elsewhere in the United States.  McAfee has had knowledge of the '288 Patent since at least June 8, 2010, the filing date of this action.  Despite this knowledge of the '288 Patent, McAfee has continued to engage in activities to encourage and assist its customers who use various McAfee software products (including, without limitation, AntiVirus Plus products) to directly infringe one or more of claims 87, 88, 93, 103, 110, 111,

-8-

> 186, and 187 of the '288 Patent.
> Such acts of encouragement and
> assistance include providing
> instructions and technical
> support to customers on how to
> activate McAfee software products
> (including, without limitation,
> AntiVirus Plus products) installed
> on the customers' computers through
> McAfee's software activation
> system.  This instruction and
> technical support is provided by
> McAfee, for example, through the
> products themselves when they are
> in use as well as through McAfee's
> website at www.mcafee.com.

(Ex. 2, Filing No. 962, at 4-5).

Defendants claim that such an allegation of induced infringement is futile because knowledge of the patent is not the same thing as knowledge that any induced acts constitute infringement.  In fact, defendants claim that their states of mind are just the opposite, that is, that each "knows" that any induced acts do *not* constitute infringement.  Thus, defendants claim that Prism's allegations cannot satisfy the scienter requirement for induced infringement and that the induced infringement allegation in the proposed amended complaint is inadequately pled.

While it is clear that Prism must establish that defendants each had the specific intent to induce infringement to ultimately prevail on that count, it is not clear that Prism must prove so much at the pleading stage.  A complaint filed in federal court must contain "a short and plain statement of the

-9-

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).  Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678; citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).  "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.)  "It is not, however, a 'probability requirement.'"  *Id.*

As with Prism's new allegation in its first amendment to its complaint, this induced infringement allegation is not

certain to succeed.  Yet the Court finds that Prism's new allegations of induced infringement meet the standards for a well-pleaded complaint.

**B.  Unfair Prejudice**.  Defendants state, "Allowing Prism to now add new claims of induced infringement, which require fundamentally different elements of proof from direct infringement, would deprive Defendants of the opportunity to develop defenses regarding the *mens rea* components of inducement . . . and to obtain discovery on this new theory of recovery . . ." (Filing No. 1009, at 10-11).  Prism counters, "Obviously, Defendants know whether they had the subjective intent to infringe the patents or not, and thus they have no need to serve discovery requests on Prism or any other third parties to investigate their own state of mind" (Filing No. 1046, at 14). The *mens rea* component of inducement involves the scienter of each defendant itself, not some outside entity, information to which the Court assumes each defendant is privy.  Thus it is not obvious that additional discovery would be required for the new allegation, and Prism is not requesting new discovery for its part.

Nevertheless, the Court agrees that defendants should not be deprived of the opportunity to file summary judgment motions regarding the new induced infringement allegations.

At this point, the parties have submitted motions for summary judgment, which will be considered by the Court when all briefs have been filed as of November 20, 2012 (*See* Filing No. 955). McAfee and Symantec have not yet moved for summary judgment on the issue of induced infringement.[3]  Therefore, the Court will grant leave to all three defendants to file an additional motion for summary judgment as to induced infringement only, as outlined below.

**IV.  Conclusion**.

        The Court finds that Prism has shown good cause in filing its motion to amend.  With regard to method claims 87, 88, 93, 103, 110, 111, and 186, Prism could not justify a motion to amend until the date of the *Akamai* decision, August 31, 2012. With regard to system claim 187, the Court finds that defendants have not suffered undue prejudice as indicated by their own expert reports, which anticipate an allegation of indirect infringement, and by their affirmative defenses asserted in their answers.  In addition, the Court finds that the motion to amend is not clearly frivolous, nor obviously futile.  Consequently, Prism's motion will be granted.  Accordingly,

---

[3] While Trend Micro did include a motion for summary judgment as to induced infringement in its previous filing, its argument largely centered around the fact that the induced infringement allegation had not been pled in Prism's complaint. *See* Filing No. 853.

IT IS ORDERED:

1) Prism's motion for leave to file a second amended complaint (Filing No. 960) is granted.  Prism shall file its amended complaint by November 7, 2012.

2) Should they elect to do so, defendants may each file an additional motion for summary judgment as to Prism's induced infringement allegations only.  The motions shall be filed on or before December 3, 2012.  Prism's responsive briefs and defendants' reply briefs shall be filed following the usual timetable provided by rule.

DATED this 1st day of November, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court