```
                 IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,     )
                             )
              Plaintiff,     )            8:10CV220
                             )
     v.                      )
                             )
McAFEE, INC.; SYMANTEC       )         MEMORANDUM AND ORDER
CORPORATION; and TREND MICRO )
INCORPORATED,                )
                             )
              Defendants.    )
_____)
```

This matter is before the Court on the motion of plaintiff Prism Technologies, LLC ("Prism"), filed pursuant to Federal Rule of Civil Procedure 37(a), to compel defendant Symantec Corporation ("Symantec") to produce documents, as well as for an order permitting Prism to take third-party discovery (Filing No. 968, with accompanying brief and index of evidence, Filing Nos. 969 and 970). Symantec filed an opposing brief with index of evidence (Filing Nos. 1045 and 1044), and Prism filed a reply brief (Filing No. 1062). The Court finds that Prism's motion should be denied.

**I. Applicable Law.**

    **A. Motion to Compel.** "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Federal Rule of Civil Procedure 26(b) allows for broad discovery of "any nonprivileged matter that is relevant to any party's

claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is to be broadly construed for discovery issues and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

However, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court . . . ." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

In the event of noncompliance with a discovery request for relevant information, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.* 198 F.R.D. 508, 511 (N.D. Iowa 2000).

Discovery closed for Prism with respect to Symantec on May 14, 2012 (Amended Scheduling Order, Filing No. 482).[1]  Rule 16(b)(4) states, "A schedul[ing order] may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Pro. 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

**B.  Waiver of Attorney-Client Privilege**.  "[T]he attorney-client privilege attaches when the communication in question is made: '(1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship.'"  *Harris v. D. Scott Carruthers & Assoc.*, 8:09CV154, 2010 WL 610978 at *2 (D. Neb. Feb. 18, 2010) (quoting *United States v. BDO Seidman, LLP* (BDO Seidman II), 492 F.3d 806, 815 (7th Cir. 2007)).

"Voluntary disclosure of attorney client communications expressly waives the privilege."  *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998).  "The waiver covers any information directly related to that which was actually disclosed."  *Id.*  "The attorney client privilege may also be implicitly waived, and one way that is done is by raising

---

[1] Defendants were allowed to engage in additional limited discovery thereafter (Filing No. 955).

attorney advice as a defense." *Id.* (internal citation omitted). "The attorney client privilege cannot be used as both a shield and a sword, and [one party] cannot claim in his defense that he relied on [his attorney's] advice without permitting the [other party] to explore the substance of that advice." *Id.* at 1264 (internal citation omitted).

**II. Discussion.**

Prism's motion requests further discovery connected to its claim that Symantec willfully infringed Prism's patent, U.S. Patent No. 7,290,288 ("'288 patent"). Prism claims that Symantec was aware of the '288 patent before the present complaint was filed in 2010 by virtue of correspondence from the United States Patent Office regarding U.S. Patent Application 10/937,893 ("'893 application"), a patent application that was filed in 2004 on behalf of a company called XtreamLoc, later acquired by Symantec. The correspondence in question (the "First Office Action") cited the '288 patent and was sent to Symantec's outside patent counsel.

Prism seeks an order granting its motion to compel Symantec to respond to several discovery requests, to which Symantec objects.[2]

---

[2] Prism has supplied adequate evidence of compliance with the Nebraska "meet and confer" rule for discovery motions (Filing No. 969; *see* NECivR 7.0.1(i)).

**A.   Production of Documents.** Prism first requests that the Court compel Symantec "to produce all communications relating to the '893 application that Symantec is currently withholding from production based on claims of privilege" (Filing No. 968, at 2). Prism claims that Symantec waived any privilege "by making representations about the substance of these communications in briefs submitted to the Court in August and September 2012, and by allowing its Rule 30(b)(6) witness to similarly testify in an August 16, 2012, deposition regarding the substance of these communications" (Filing No. 969, at 6).

"Specifically, Symantec asserts as a defense to willful infringement that its employees never discussed the '288 patent with its outside patent attorneys in any of their communications regarding the '893 application" (*Id.*). "By taking this position, however, Symantec has placed these communications regarding the '893 application directly at issue, thereby waiving any privilege over them" (*Id.*). "Symantec cannot make assertions about what is contained in these communications while at the same time denying Prism discovery on these communications. This is a textbook example of a party trying to assert the attorney client privilege as both a sword and a shield" (*Id.* at 18). "Here, the only way to assess Symantec's claim that its employees never discussed the '288 patent in any of their communications about the '893

application is for Symantec to produce these communications so that the accuracy of Symantec's assertion can be verified" (*Id.*).

Symantec responds, "Prism argues that, by virtue of defending itself, diligently logging privileged communications, and accurately reporting that no such communications refer to the '288 patent, Symantec has put into issue and thus waived its privilege over 'all communications regarding the '893 patent application.' However, to 'put at issue' privileged communications, as Prism acknowledges, a party must actually 'rely' on the privileged communication as a claim or defense" (Filing No. 1045, at 12-13, quoting Filing No. 969, at 14). Symantec emphasizes that it "has never and is not now asserting an advice of counsel defense. Symantec's representation that there are no documents demonstrating pre-suit knowledge of the '288 patent is not in reliance on any opinion or advice of counsel — it is a mere denial of Prism's accusation" that Symantec had pre-suit knowledge of the '288 patent (Filing No. 1045, at 13). Symantec argues, "Prism should not gain access to Symantec's privileged communications simply because Symantec denies that it was aware of the '288 patent" (Filing No. 1045, at 15 n.10). The Court finds that Symantec did not waive attorney-client privilege simply by reviewing the privileged documents and stating that Prism's desired information is not contained therein.

-6-

In the alternative, Prism requests an order from the Court precluding Symantec from denying at trial that it first became aware of the patent-in-suit through communications made in the course of prosecution of the '893 application. Symantec states that "[t]o do so would allow Prism to deliberately mislead the jury and improperly punish Symantec for refusing to waive its privileges" (Filing No. 1045, at 15). The Court agrees; Prism's request will be denied.

Next, Prism requests that the Court compel Symantec "to search for and produce all documents in the electronic files of Brook Lewis, Jerome Witmann, Craig Lucas, David Tucker, and Delos Larson that are responsive to Prism Requests for Production Nos. 9, 10, 62, 64, and 65, including all documents relating to the patent-in-suit or the '893 application" (Filing No. 968, at 2). However, in its reply brief, Prism states, "Symantec states that it has now performed the requested searches and has not found any additional responsive documents to produce. Prism will accept Symantec's representation on this issue . . ." (Filing No. 1062, at 14). Thus the Court will deny this request as moot.

**B. Intellectual Property Services Corporation**. Prism requests that the Court compel Symantec "to provide to Prism the last known contact information for Intellectual Property Services Corporation" ("IP Services") and to permit Prism "to serve a third-party subpoena for depositions and documents" on IP

Services (Filing No. 968, at 2). Prism states that Symantec attempted to sell the '893 application to IP Services (Filing No. 969, at 11). Prism claims, "[G]iven that IP Services was involved in discussing a potential purchase of the '893 application from Symantec, that company is also likely to have relevant information regarding the extent to which Symantec considered the '288 patent to be a problem for the '893 application" (Filing No. 969, at 22).

Symantec states that IP Services is "apparently a now non-existent entity" (Filing No. 1045, at 20). "Symantec produced every single communication with [IP Services] that it located during its searches. Those communications included an email address and fax number for an individual named Jackson C. Toman at [IP Services]," but "those communications make no reference whatsoever to the '288 patent" (Filing No. 1045, at 20-21). Symantec concludes that "the fact that Prism has been unable to locate [IP Services] undoubtedly means that the entity no longer exists" (*Id.* at 21). The Court finds that Symantec has satisfied its obligation to Prism with respect to providing information about IP Services, and that no third-party subpoena will be issued.

**C. Delos Larson and Meredith McKenzie.** Finally, Prism requests that the Court permit Prism "to serve a third-party subpoena for depositions and documents" on former Symantec

attorneys Delos Larson and Meredith McKenzie (Filing No. 968, at 2). Prism states that it learned only recently that "Mr. Larson was the patent portfolio manager at Symantec during the prosecution of the '893 patent application and oversaw the prosecution of the '893 patent application, while Ms. McKenzie was the director of the patent department" (Filing No. 969, at 21). Prism states that it "reasonably believes that these two individuals are likely to have relevant information on the issue of the extent to which Symantec considered the '288 patent during the prosecution of the '893 application" (Filing No. 969, at 21-22).

By way of response, Symantec submitted to the Court declarations from Mr. Larson and Ms. McKenzie that it claims "establish that the requested depositions would be a complete waste of time, as neither individual has any recollection of ever having seen the '288 patent and neither was involved in reviewing or responding to the First Office Action concerning the '893 application" (Filing No. 1045, at 19). For example, Mr. Larson's declaration states, "I understand that Prism is arguing that I learned of the '288 patent as a result of that first office action. This is not correct. On September 17, 2012, I reviewed a copy of the '288 patent and, to the best of my knowledge and recollection, I have never seen it before" (Ex. 3, Filing No. 1044, at 3).

In addition, "During the 2008 time period, it was my practice, and Symantec's practice generally, to have its outside patent prosecution counsel respond to first office actions unilaterally, without substantive input from Symantec. There simply was no way for Symantec's very limited legal team overseeing patent prosecution to review first office actions in a substantive manner" (*Id.*). "To the best of my knowledge, at the time in question, there were approximately 1,500 to 2,000 pending applications, with Aaron Smith and me as the sole overseers of their prosecution. Thus, unless there was a particular issue raised by the outside patent prosecution counsel, I would not look at first office actions" (*Id.*). The Court will not reopen discovery at this late date in the proceedings[3] for what appears to be a futile exercise. Accordingly,

IT IS ORDERED that Prism's motion to compel Symantec to produce documents, as well as for an order permitting Prism to take third-party discovery (Filing No. 968), is denied.

DATED this 9th day of November, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[3] Summary judgment motions are pending, and trial is set for January 14, 2013.

-10-