```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,      )
                              )
                  Plaintiff,  )         8:10CV220
                              )
        v.                    )
                              )
                              )         ORDER AND JUDGMENT
McAFEE, INC.; SYMANTEC        )
CORPORATION; and TREND MICRO  )
INCORPORATED,                 )
                              )
                  Defendants. )
_____)
```

Pursuant to the memorandum opinion entered herein this date,

1) McAfee's motion for summary judgment (Filing No. 871) is granted as to noninfringement; in other respects it is denied as moot.

2) Symantec's motion for summary judgment (Filing No. 868) is granted as to noninfringement; in other respects it is denied as moot.

3) Trend Micro's motion for summary judgment (Filing No. 849) is granted as to noninfringement; in other respects it is denied as moot.

4) All other outstanding motions before the Court are also denied as moot.

5) Prism's request for oral argument on the motions for summary judgment is denied.

6) Prism's second amended complaint for patent infringement (Filing No. 1063) is dismissed as to McAfee, Symantec, and Trend Micro.

7) The Court finds for McAfee for its first counterclaim for declaratory judgment of noninfringement of the '288 patent (Filing No. 1098). The Court dismisses McAfee's second counterclaim for declaratory judgment of invalidity of the '288 patent, because no "actual controversy" as to the '288 patent now exists between Prism and McAfee. *See* 28 U.S.C. § 2201. Without appropriate motion and briefing, the Court will not consider whether this is an exceptional case under 35 U.S.C. § 285 entitling McAfee to recover attorney fees.

8) The Court finds for Symantec for its first counterclaim for declaratory judgment of noninfringement of the '288 patent (Filing No. 1097). The Court dismisses Symantec's second counterclaim for declaratory judgment of invalidity of the '288 patent, because no "actual controversy" as to the '288 patent now exists between Prism and Symantec. *See* 28 U.S.C. § 2201. Without appropriate motion and briefing, the Court will not consider whether this is an exceptional case under 35 U.S.C. § 285 entitling Symantec to recover attorney fees.

9) The Court finds for Trend Micro for its first counterclaim for declaratory judgment of noninfringement of the '288 patent (Filing No. 1117). The Court dismisses Trend Micro's

second counterclaim for declaratory judgment of invalidity of the '288 patent, because no "actual controversy" as to the '288 patent now exists between Prism and Trend Micro.  *See* 28 U.S.C. § 2201.  Without appropriate motion and briefing, the Court will not consider whether this is an exceptional case under 35 U.S.C. § 285 entitling  to recover attorney fees.

       10) Taxable costs are assessed against the plaintiff, Prism Technologies, Inc.

       DATED this 10th day of December, 2012.

                  BY THE COURT:

                  /s/ Lyle E. Strom
                  _____
                  LYLE E. STROM, Senior Judge
                  United States District Court