IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,      )
                              )
            Plaintiff,        )      8:10CV220
                              )
      v.                      )
                              )
McAFEE, INC.; SYMANTEC        )      MEMORANDUM OPINION
CORPORATION; and TREND MICRO  )
INCORPORATED,                 )
                              )
            Defendants.       )
_____)
```

In this case, plaintiff Prism Technologies, LLC ("Prism") alleged infringement of its patent, U.S. Patent No. 7,290,288 ("'288 patent"), by defendants McAfee, Inc. ("McAfee"), Symantec Corporation ("Symantec"), and Trend Micro Incorporated ("Trend Micro"). On December 10, 2012, the Court entered summary judgment of noninfringement in favor of defendants, awarding them taxable costs (Filing No. 1135). Defendants then moved for attorney fees and nontaxable costs under 35 U.S.C. § 285 (Filing No. 1137). Subsequently, Prism filed a notice of appeal of the summary judgment to the United States Court of Appeals for the Federal Circuit (Filing No. 1143).

This matter is now before the Court on two motions by Prism: a motion to stay consideration of defendants' motion for attorney fees (Filing No. 1146), and a motion to stay defendants' applications for taxable costs (Filing No. 1158). Defendants filed a brief in opposition to Prism's motions to stay (Filing

No. 1165). After consideration of the motions, the briefs, and the relevant law, the Court finds that Prism's motions to stay should be denied.

Also before the Court is defendants' motion for attorney fees and nontaxable costs under 35 U.S.C. § 285 (Filing No. 1137, with brief and indices of evidence, Filing Nos. 1141, 1138, and 1140). Prism filed a brief in opposition to the motion (Filing No. 1148, with indices of evidence, Filing Nos. 1149 and 1150), to which defendants replied (Filing No. 1162, with indices of evidence, Filing Nos. 1160 and 1161). After consideration of the motion, the briefs, and the relevant law, the Court finds that defendants' motion for attorney fees and nontaxable expenses should be denied.

## I. Prism's Motions to Stay.

Prism makes substantially the same arguments in its motion to stay consideration of defendants' motion for attorney fees and in its motion to stay defendants' applications for taxable costs. First, Prism argues that the Court and the parties "will needlessly expend time and resources" on defendants' motion and applications for taxable costs "if Prism's appeal is granted by the Federal Circuit" (Filing No. 1146, at 2). Second, Prism argues that even if its appeal is denied, "the Federal Circuit may make commentary rulings on issues relating to the Court's order on summary judgment" which could be relevant to

the Court's ruling on defendants' submissions for attorney fees and costs (*Id.*).

Prism's third argument, however, underscores the inherent problem with granting a stay. Prism states that "if Prism's appeal is denied, the Court would be in the same position at that future time as it is now to determine" defendants' motion and applications for taxable costs (*Id.*). The Court must disagree. As written in the Advisory Committee Notes to the 1993 Amendments to Federal Rule of Civil Procedure 54,

> In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case. . . . Prompt filing [of a claim for attorney fees] affords an opportunity for the court to resolve fee disputes shortly after trial [in this case, summary judgment], while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

Prism has not provided any reason particular to this case as to why the Court should not follow this sage advice, other than the general argument cited above. But as defendants point out, "[T]hat argument exists in every case where an appeal is taken[,] and the standard practice in such cases is to decide fee and cost issues without delay" (Filing No. 1165, at 3).

This Court agrees with the District Court of the Northern District of Iowa, as it analyzed a motion to stay assessment of taxable costs:

> No clear standard has developed to guide district courts in the exercise of their discretion in deciding whether or not to stay the taxation of costs pending appeal, but the consensus seems to be that the court must have some valid reason for not awarding costs at the customary stage of the proceedings.

*Maytag Corp. v. Electrolux Home Prods.*, 2006 U.S. Dist. LEXIS 89383, at *5 (N.D. Iowa Dec. 11, 2006). "The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh." *Id.* at *7. For the foregoing reasons, the Court will deny Prism's motions to stay.

**II. Defendants' Motion for Attorney Fees and Nontaxable Costs**.

    **A. Relevant Law**. "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[Federal Circuit] precedent governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law." *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999).

"When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

Alternatively, the court may deem a case exceptional and "sanctions [assessment of attorney fees] may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture*, 393 F.3d at 1381. "Under this exacting standard, the plaintiff's case must have no objective foundation, and the plaintiff must actually know this." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011). "In assessing whether a case qualifies as exceptional, the district court must look at the totality of the circumstances." *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000). "As this court has consistently found,

however, only a limited universe of circumstances warrant a finding of exceptionality in a patent case . . . ." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009).

The second step in the attorney fee inquiry requires that "[i]f the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified." *MarcTec*, 664 F.3d at 916. "Even for an exceptional case, the decision to award attorney fees and the amount thereof are within the district court's sound discretion." *Brooks Furniture*, 393 F.3d at 1382.

**B. Discussion.** Prism brought this case asserting infringement of the '288 patent by defendants. Many of the facts and substantive issues relevant to the present motion are delineated in detail in the Court's recent memorandum opinion granting defendants' motion for summary judgment of noninfringement, which is incorporated by reference. *See* Summary Judgment Memorandum Opinion, Filing No. 1134.

Prism does not dispute that defendants are prevailing parties in the context of 35 U.S.C. § 285. Thus the Court need only determine whether this is an "exceptional case" thereunder.

**1. Litigation Misconduct.** The Court will first determine whether defendants have produced clear and convincing evidence that Prism engaged in litigation misconduct. "Although

-6-

the entirety of a patentee's conduct may be considered, enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful." *Brooks Furniture*, 393 F.3d at 1384.

      **a. Prism's Production of Documents.** Defendants' first allegation of litigation misconduct involves Prism's delay in production of documents that Prism asserted were privileged, as well as Prism's opposition to defendants' motion to compel production of still more documents to which Prism also asserted a privilege. *See* Order, Filing No. 955. Defendants ascribe bad intent to Prism for these actions, stating,

> It is clear from their contents why Prism would have wanted to hide these documents from the Defendants and the Court – they directly contradict Prism's position that a generic, mass-produced software installation CD containing identical data to every other such installation CD can somehow be the claimed "hardware key" from which a "predetermined digital identification" can be read.

(Filing No. 1141, at 33).

      As to the delay in production, Prism states that it voluntarily produced, albeit belatedly, documents that it had previously claimed to be privileged "in an attempt to resolve the parties' discovery dispute regarding Prism's privilege log without Court intervention" (Filing No. 1148, at 46). As Prism points out, with regard to defendants' motion to compel

-7-

production, while defendants had challenged sixty-four privileged documents, the Court found that only three of these were not privileged (along with the corresponding redaction of a deposition transcript). It is true that this Court found that defendants were prejudiced by such redaction and delay in production of documents (Order, Filing No. 955, at 2). Consequently, this Court granted defendants relief by postponing the trial date at defendants' request and reopening limited discovery (*Id.*, at 2, 4). Yet the Court made no finding in its order as to Prism's intent or lack of good faith in asserting a privilege. The Court now finds that Prism's production delay does not rise to the level of litigation misconduct that would warrant the award of attorney fees under 35 U.S.C. § 285.[1]

**b. Prism's Representation of the Court's Claim Construction**. Defendants claim that Prism's expert witness, David Klausner, mischaracterized the Court's claim construction of the '288 patent term "hardware key" in his expert reports on infringement. For example, defendants aver that Mr. Klausner "gave only superficial recognition to this Court's construction of 'hardware key' as requiring that the predetermined digital identification be read off of the key" (Filing No. 1141, at 35).

---

[1] The Court must note that defendants, too, delayed in their production of documents and witnesses during the course of discovery. *See* orders granting Prism's motions to compel discovery (Filing Nos. 411 (all defendants), 679 (Trend Micro), 816 (McAfee), 818 (Symantec), and 830 (Trend Micro)).

"Instead, Mr. Klausner continued to press in his direct infringement theory the construction of 'hardware key' rejected by this Court in its June 1, 2011[,] order, namely that a digital identification need only be 'generated, derived, or read' from a hardware key" (*Id.*).  Prism disagrees, stating that "Mr. Klausner never took the position that the digital identification need not be 'read' from the hardware key.  To the contrary, Mr. Klausner opined that the digital identification in Defendants' accused system ***is*** 'read' as well as 'generated' and 'derived' from the accused CD hardware keys" (Filing No. 1148, at 51).  As the parties point out, the Court did not rule on defendants' motion to strike Mr. Klausner's expert reports, based on these and other arguments, since the Court granted defendants' motion for summary judgment as to noninfringement.  Nevertheless, the Court now finds that the submission of the Klausner reports did not amount to litigation misconduct.  Rather, the Court finds that the parties' disagreement as to the content of the reports largely goes to the heart of the substantive matters at issue in this case.

        **c.  Frivolous Arguments Intended to Extend Litigation.**
Defendants maintain that Prism "not only initiated a frivolous lawsuit but persisted in advancing unfounded arguments that unnecessarily extended the litigation and caused the Defendants to incur needless litigation expenses" (Filing No. 1141, at 37).

Defendants' first assertion in this regard is essentially the same as its assertion that Prism brought and continued this action in bad faith, which the Court discusses and rejects below.

In addition, defendants argue that Prism's amendment of its complaint to include an allegation of willful infringement by Symantec was "frivolous and designed to harass" (Filing No. 1141, at 38). In granting Prism's motion to amend, this Court stated, "Although the request for amending the complaint comes almost twenty-three months after the original complaint was filed, and five months before trial, the Court finds that Prism has shown good cause in filing its motion to amend" (Filing No. 759, at 5). While the Court denied Prism's motion to compel additional discovery related to this issue later in the proceedings because the discovery would have amounted to a "futile exercise" (Filing No. 1064, at 10),[2] this has no bearing on the propriety of the amendment to include the willfulness claim, which the Court found was at least strong enough to be added to the complaint. The Court will not now transform what was once a motion showing "good cause" into litigation misconduct.

In summary, "the Court concludes that both parties aggressively litigated this patent dispute" and must also conclude that defendants have "not demonstrated by clear and

---

[2] For similar reasons, the Court also denied a motion to compel discovery filed by defendants during the course of the litigation. See Memorandum and Order, Filing No. 769.

convincing evidence that [patentee] engaged in abusive litigation tactics." *Brilliant Instruments, Inc. v. Guidetech, Inc.*, C 09-5517 CW, 2012 WL 4497781 (N.D. Cal. Sept. 28, 2012).

### 2. Objective Baselessness and Subjective Bad Faith.

The Court also has the discretion to award defendants attorney fees under 35 U.S.C. § 285 "if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture*, 393 F.3d at 1381. "Both the objective and subjective prongs of *Brooks Furniture* 'must be established by clear and convincing evidence.'" *iLOR*, 631 F.3d at 1377 (quoting *Wedgetail*, 576 F.3d at 1304). In addition, "[t]here is a presumption that the assertion of infringement of a duly granted patent is made in good faith." *Brooks Furniture*, 393 F.3d at 1382. "Bringing an infringement action does not become unreasonable in terms of [35 U.S.C. § 285] if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Id.*

In this case, defendants state, "Prism's subjective bad faith can be inferred based on the manifest unreasonableness of Prism and its attorneys either (1) failing to conduct a reasonable investigation in the first place, or (2) conducting such an investigation and still asserting infringement against

-11-

the Defendants" (Filing No. 1141, at 23). In support of this inference, defendants cite the Federal Circuit: "Where, as here, the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990). The Court notes that in *Eltech*, the Federal Circuit denounced the patentee in the strongest terms. For example, patentee's conduct was "nothing short of shoddy," patentee "submitted *no* evidence probative of infringement," and patentee's "pretense that the district court found this case exceptional . . . merely because [patentee] prosecuted a 'lawsuit', is unworthy of response." *Eltech*, 903 F.2d at 809, 811. Indeed, in that case, the Federal Circuit cited at length the patentee's transgressions. *Id.* at 810.

In this case, while the Court disagrees with Prism's substantive conclusion as to defendants' infringement of the '288 patent, it is not clear to the Court that Prism's arguments in favor of infringement were manifestly unreasonable. As discussed in the Summary Judgment Memorandum Opinion, at the urging of at least the defendants, the Court held two *Markman* hearings in this case and issued two claim construction orders. *See* Filing No. 1134, at 2-3. The first claim construction order construed only

the term "hardware key / access key," as follows: "An external hardware device or object from which the predetermined digital identification can be read" (Filing No. 188, at 2). The included term "digital identification" was not construed at that time. The second claim construction order construed the other disputed terms in this case, including "digital identification" (Filing No. 469). The parties disagree as to the extent that Prism supported this two-part *Markman* plan, and, unfortunately, no transcript of the November 30, 2010, conference where the plan was discussed and ultimately adopted exists. At least as of October 28, 2010, the date of the parties' Rule 26(f) report, however, Prism was opposed to the plan (Filing No. 155, at 9-11).

In any event, Prism is correct in asserting that its stance was consistent with Federal Circuit principles as to the usual course of conduct of a patent case, such that Prism would reasonably argue for construction of the claim term "digital identification" rather than concede noninfringement after the first *Markman* hearing and claim construction order on "hardware key / access key." Ultimately, Prism prevailed in its proposed construction of "digital identification," which was an integral part of the previous construction of "hardware key / access key." It is reasonable to assume that the construction Prism proposed, and which the Court adopted, is one that Prism thought would support its infringement contentions against defendants,

-13-

especially as to its assertion that either the defendants' SKU Data or Machine ID could act as the required "digital identification" (*See* Summary Judgment Memorandum Opinion, Filing No. 1134, at 10-20).  It is not surprising, then, that upon succeeding in the claim construction of "digital identification," Prism would continue on with the litigation.

The Court also notes that in the second claim construction order, of the eight disputed terms (including "digital identification"), the Court adopted Prism's proposed construction verbatim for five terms and aspects of Prism's proposed construction for the other three terms (Filing No. 469). The fact that defendants' products do not practice the hardware key / access key limitation of the '288 patent, even when Prism's construction of "digital identification" is adopted, is not necessarily clear and convincing evidence of Prism's subjective bad faith.  The Federal Circuit has warned against an automatic conflation of subjective bad faith with a loss on the substantive merits, despite *Eltech*, as noted in the *Brooks Furniture* citations above.

In view of the totality of the circumstances, the Court finds that defendants have neither overcome the presumption of Prism's good faith nor demonstrated by clear and convincing evidence that Prism brought this litigation in subjective bad faith.  "Since we conclude that the first requirement (subjective

-14-

bad faith) is not satisfied here, we need not decide whether the second (objectively baseless) standard was met." *Brooks Furniture*, 393 F.3d at 1381.

    **C. Conclusion.** Because the Court finds that this is not an "exceptional case," the Court will not award defendants attorney fees under 35 U.S.C. § 285. A separate order will be entered in accordance with this memorandum opinion.

    DATED this 13th day of February, 2013.

                        BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court